IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE<br><br>  Plaintiff,<br><br>v.<br><br>TECHNICAL SPECIALTY PRODUCTS LLC, KEITH LEAR, AND DONNA LEAR<br><br>Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:11-cv-00717<br>**JURY** |

MEMORANDUM IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR COMPLETE, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

I. STATEMENT OF THE ISSUES:

1. To survive summary judgment, Plaintiff's Response must have cited admissible evidence sufficient to create a fact question which suggests that TSP failed to pay him for hours worked which are not *de minimus*. Plaintiff's survival on his retaliation claim, including lost wages, requires a fact question that Plaintiff engaged in an activity protected by the FLSA. Plaintiff's survival on his liquidated damages claim, including attorneys' fees, requires admissible evidence sufficient to <u>disprove</u> TSP's good faith compliance with the FLSA and/or Portal-to-Portal Act. Because Plaintiff is unable to meet his burden, TSP is entitled to complete summary judgment as a matter of law.

II. OBJECTIONS TO EVIDENCE:

2. TSP objects that certain documents attached to Plaintiff's Response (ECF 72) are not proper summary judgment evidence. Specifically, Plaintiff's Exhibits 3-5, 7, 12, and 14, attached to Plaintiff's declaration are inadmissible hearsay, if not wholly conclusory. Exhibits "E" and "F," Plaintiff's expert reports, are also inadmissible hearsay, as well as objectionable on the grounds

articulated within TSP's live Motion to Strike. (ECF 76).[1] TSP respectfully requests that the Court strike these documents from Plaintiff's response and notes that Plaintiff failed to attest to the true and accurate nature of any of the copies attached to his Response.[2]

3. TSP further objects and asks that the Court strike Plaintiff's declaration because it 1) asserts legal conclusions that Plaintiff's counsel objected he was incapable of rendering during his deposition and 2) because Plaintiff has not established the required basis of personal knowledge. Specifically, the Court should strike all testimony in paragraphs 2-4, 7-8, 13-16, 20-21 regarding Plaintiff's "normal commuting area," and/or "regular territory," drive time "worked," "agreement," and alleged "complaints" about TSP's overtime policy.

### III. ARGUMENT AND AUTHORITIES

4. To survive summary judgment, Plaintiff must demonstrate that there are fact issues warranting a trial; however, in opposing summary judgment, Plaintiff may not simply rely on the conclusory factual allegations contained within his declaration. Plaintiff must set forth sufficient evidence supporting a claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

  **a. TSP's generosity does not render Plaintiff's commute compensable**

5. Travel time that does not exceed the employee's <u>regular commute to or from work is non-compensable</u> because it constitutes ordinary "home-to-work" travel, even if the employer agrees to pay for it. 29 C.F.R. §§ 785.34; 785.37. More concerning for Plaintiff, the law is clear: TSP is free to change its overtime policy at any time. *Johnson v. RGIS Inventory Specialists,* 554 F.Supp.2d 693, 707 (E.D. Tex. –Beaumont, 2007)(stating that the employer maintains the discretion to

---

[1] In the interest of judicial economy, TSP reincorporates by reference the arguments contained with ECF 76 as if fully realleged herein.

[2] TSP notes that Plaintiff failed to include a table identifying its summary judgment evidence and that the Court is justified in striking all of Plaintiff's evidence for that reason alone.

determine the limits of its custom or practice)(*see also* 29 C.F.R. 790.11)( stating that "the "contract," "custom" or "practice" on which the compensability of the activities referred to in Section 4 of the Portal Act may be based, is a contract, custom or practice in effect "<u>at the time of such activity</u>."

6. TSP generously paid Plaintiff for his straight time for his ordinary commute, as well as paid the time reflected on his timesheets, notwithstanding the numerous discrepancies. (Ex. C, ¶¶ 13, 23). TSP's generosity, however, does render the payments "compensable" so as to be included in Plaintiff's weekly overtime computation. 29 C.F.R. §§ 785.34; 785.37. Moreover, Plaintiff's declaration in support of his Response acknowledges that TSP changed its policy on September 23, 2011; therefore, the policy could not have been in effect after September 23, which is the period for which Plaintiff seeks payment. (ECF 72, Ex. A, ¶12).

**b. Plaintiff's commute occurred within TSP's normal commuting area for its business**

7. As the *Vega* court stated, daily commutes of four hours, or more in certain instances, are non-compensable. *See, e.g. Vega v. Gasper,* 36 F.3d 417, 425 (5th Cir.1994). Notably, the court did not distinguish between riding on a bus or driving – <u>the court simply determined that commutes do not become compensable merely because they are long</u>, even when the employees received instructions during the commute. *See id.* Further, the express language of the Portal-to-Portal Act states that commutes in an employer's vehicle are non-compensable, so long as the use occurs within the "normal commuting area for the employer's business" and subject to an agreement regarding the vehicle's use. 29 U.S.C. § 254.

**c. Plaintiff operated the vehicle subject to an agreement**

8. A written agreement is not required under 29 U.S.C. § 254. An understanding based on established employer practices is sufficient. *See* House Report 104-585 (May 20, 1996) at page 4; *see also Adams v. United States*, 65 Fed. Cl. 217, 225 (Fed. Cl. 2005); *Bartholomew v. City of Burlington, Kansas*, 5 F. Supp. 2d 1161, 1169 (D. Kan. 1998). Notably, as the Department of Labor ("DOL")

explained, the <u>commute remains non-compensable</u> even if it 1) <u>occurs outside of normal working hours</u>, 2) the <u>employee is required</u> to <u>remain in contact</u> with the employer, and 3) the <u>employee is required</u> to <u>transported large, specialized equipment</u> during the commute. *Opinion Letter FLSA*, WL 998025 (1997).

9. Plaintiff's commute in TSP's vehicle unquestionably occurred within the normal commuting area for TSP's business. (Ex. D, p. 17). Plaintiff's declaration in support of his Response that no "agreement" existed is conclusory, if not disingenuous. (ECF 72, Ex. A, ¶ 4). Moreover, Plaintiff has no admissible evidence to prove that his normal commute was limited in any way to the North Texas area as his declaration claims. Because TSP is entitled to offset the pre-payment made to Plaintiff for the non-compensable portion of his commute against the compensable portion of Plaintiff's commute, if any, and because Plaintiff is unable to demonstrate that his commute occurred outside TSP's normal commuting area, TSP is entitled to summary judgment as a matter of law with respect to Plaintiff's FLSA claim.

10. Plaintiff's Response improperly cites *Chambers* for the statement that a "normal commuting area" is limited to no more than one hour. (ECF 72, p.14). In *Chambers*, the court determined that plaintiff's commute was non-compensable under the terms of the vehicle policy, notwithstanding that the employees transported tools, communicated with clients, and spent additional, non-compensable time cleaning the vehicle. *Chambers v. Sears Roebuck and Co.*, 428 Fed.Appx. 400, 410, 412, (5th Ct. App. - 2011). In awarding summary judgment against the employee, the trial court noted that commutes of one hour were specifically permitted under the DOL's view and that the 5th Circuit in *Vega* clearly addressed the issue of extended commutes and found them to be non-compensable, so long the activity was preliminary or postliminary to the employees' principle activity, i.e., the installation and maintenance of video equipment. *Id.*; *Vega*, 36 F.3d 417, 425; 29 U.S.C. § 254(a). The employees' additional activities performed during the

commute were *de mimimus* and did not render the commute compensable. *Chambers*, 428 Fed.Appx. 400, 414.

### d. Plaintiff's decision to sleep out of town does not render the commute compensable

11.  Extended commutes are not compensable unless the employee commutes outside his of normal commuting area. 29 U.S.C. 254(a); 29 C.F.R. §785.37(stating that travel to a different city is only compensable when the commute exceeds the employee's ordinary commute). Plaintiff's Response relies on 29 C.F.R. §785.39 to assert that all time spent while traveling is performed for the employer because it cuts across his workday. (ECF 72, p. 15). Taken literally, Plaintiff's position would require TSP to pay him for every minute Plaintiff spent while traveling, including time spent eating, sleeping and engaged in other personal errands.

12.  As discussed above, Plaintiff has no evidence to suggest that his normal commuting area did not include multiple states. <u>Plaintiff also has no proof that his travel to a hotel from the last job, rather than return home, was travel for TSP's benefit, rather than his own</u>. Travel for personal reasons benefits Plaintiff, not the employer, and is not work, even under *Anderson*, which predated the Portal-to-Portal Act. *Anderson,* 328 U.S. 680, 691–92, (1946) ; (Ex. B, p. 126). <u>Plaintiff cannot claim that TSP owes him more money simply because he chose to get a hotel, rather than return home, and thereby bypass the express provisions of 29 U.S.C. 254(a)</u>. *See* 29 C.F.R. § 785.34-35.

13.  Further, unlike in *Mendez* and *Treadway*, which are not controlling, Plaintiff commuted to multiple jobs. In *Treadway*, the employees did not live within a commutable distance when they stayed overnight. *Treadway v. BGS Const., INc.,* 2007 WL 2815439 *2. In *Mendez*, the employees stayed for long periods at specific project cites, often as long as 7 days. *Mendez v. Radec Corp.*, 232 F.R.D. 78, 87-8 (W.D. NY 2005). Plaintiff has no evidence to suggest that he was prohibited or unable to return home each evening when his duties were concluded. While Plaintiff unquestionably works at different locations, <u>his ordinary commute to or from work, whether he</u>

stays in a hotel or at his dwelling, is non-compensable pursuant to the plain language of 29 U.S.C. § 254(a) and 29 C.F.R. § 785.34-35.

    e. **TSP paid Plaintiff for travel that occurred within a continuous workday**

14. TSP included all hours within any given continuous workday, such as driving between job sites, in Plaintiff's overtime computation. (Ex. C, ¶¶ 12, 14, 18-23). TSP did not pay Plaintiff overtime for drive time because, after reduction for Plaintiff's ordinary commute and lunch, no overtime was worked. (Ex. C, ¶ 23); (Ex. D, p. 105).

    f. **Time spent repairing a company vehicle benefited Plaintiff, not TSP**

15. TSP provided Plaintiff with a vehicle as a perk. TSP's requirement that Plaintiff maintain the vehicle benefited Plaintiff, not TSP, and is therefore non-compensable because the activities are incidental to the commute. *Chambers*, 428 Fed.Appx. 400, 410, 412, *citing* 29 U.S.C. § 254(a); *see* H.R.REP. NO. 104–585 at 5 ("routine vehicle safety inspections or other minor tasks have long been considered preliminary or postliminary activities and are therefore not compensable.").

16. Obviously wait time is compensable when it benefits the employer. However, at no time during the numerous, duplicative estimates (3 were from Firestone) that Plaintiff obtained did TSP exercise any control over Plaintiff, nor did Plaintiff perform any work. (Ex. C, ¶ 20). Further, Plaintiff was responsible for becoming stuck in a ditch, and for blowing a tire(s) on October 6. While TSP generously agreed to pay Plaintiff straight time anyway, it is not obligated to pay Plaintiff anything for time caused by Plaintiff's negligence, especially where Plaintiff is obligated to maintain the vehicle. *Id.* at ¶ 20-21.

    g. **TSP Properly deducted one hour for Plaintiff's lunch period**

17. Though not an issue raised in TSP's Motion for Summary Judgment, Plaintiff's Response claims that Plaintiff "worked" during lunch and that TSP owes him for that time,

presumably in addition to his claim for unpaid drive time. (ECF 72, p. 18). Plaintiff sought recovery for these same lunch hours in his claim for unpaid wages with the Texas Workforce Commission ("TWC"), which was dismissed for lack of evidence. (ECF 72, Ex. G, p. TWC 028). While the Court should not address Plaintiff's lunch claim because it was neither raised in TSP's Motion, nor included in any of Plaintiff's discovery responses, the fact remains that Plaintiff's credit card receipts indicate that Plaintiff did, in fact, take lunch breaks and was previously adjudicated by the TWC. (Ex. C, ¶¶ 13, 17-20).

### h. TSP is entitled to offset its pre-payments of overtime

18. TSP's amended answer asserted the equitable doctrines of unclean hands and offset as affirmative defenses. (ECF 45, ¶¶ 21, 23). Plaintiff may not profit from his own wrong. *See, e.g., Brumbelow v. Quality Mills, Incorporated*, 462 F.2d 1324, 1327 (5th Ct. App. – 1972). The affirmative defense of unclean hands is permitted under the FLSA, because, as noted in Plaintiff's cases, in *Brumbelow*, the 5th Circuit noted that <u>estopel is available in FLSA actions</u>, based on the specific facts of the case. *See, e.g., Herrera v. Utilimap Corp.*, 2012 WL 3527065 *3 (S.D.Tex. Aug. 2012)(also citing *Tran* for the proposition that "it is unclear whether the equitable defenses of waiver, estoppel, unclean hands, and laches are available under the FLSA.") *Tran v. Thai,* CIV.A. H–08–3650, 2010 WL 5232944, at *7 (S.D.Tex. Dec.16, 2010) (unpublished). <u>In this case, it is not reasonably in dispute that Plaintiff billed TSP for hours that he did not work.</u> (Ex. C, ¶ 11); (Ex. B, 104-06, 118-19). In that regard, the Court of Appeals recently upheld the offset of pre-payments made to employees against shortages <u>in other pay periods</u>. (*Singer v. City of Waco, Tex.,* 324 F.3d 813, 828 (5th App. Ct. 2003).

19. Just as in *Singer*, TSP's pre-payment of hours reported by Plaintiff may be properly offset. *Id.* In that regard, two categories of time which TSP is entitled to offset arise out of: 1) Plaintiff's double payment for September 22, 2011, which TSP paid on two separate paychecks,

based on Plaintiff's "estimate;" and 2) the hours TSP previously paid for hours Plaintiff billed, but did not work. (Ex. B, pp. 106); (Ex. C, ¶¶ 9-13). Allowing Plaintiff to obtain double payment, as well as payment for hours not worked, would counter the express Congressional intent with respect to the FLSA and Portal-to-Portal Act. 29 U.S.C. § 251(a).

### i. Plaintiff did not have a good faith belief that TSP violated the FLSA

20. As the court noted in *Haynes* before awarding summary judgment to the employer, "the Fifth Circuit has not yet decided whether a good faith belief is required for an FLSA complaint." *Haynes v. Crescent Real Estate Properties, LLC*, 2012 WL 2574749 *5 (S.D. Tex. Jul. 02, 2012)(citations omitted). Nevertheless, Plaintiff reasonably lacked a good faith belief that TSP owed him for unpaid overtime. (Ex. C, ¶¶ 11, 22); (Ex. B, p. 106).

21. As the Supreme Court stated in *Kasten*, "[w]e agree with Saint–Gobains [employer] that the statute requires fair notice. Although the dictionary definitions, statutes, regulations, and judicial opinions we considered… do not distinguish between writings and oral statements, they do suggest that a "filing" is <u>a serious occasion</u>, rather than a triviality. As such, the phrase "filed any complaint" contemplates some degree of formality, certainly to the point where the recipient has been given fair notice <u>that a grievance has been lodged</u> and does, or should, <u>reasonably understand</u> the matter as part of its business concerns." *Kasten v. Sant Gobains Performance Plastics Corp.*, 131 S.Ct. 1334 (2011), (citing Fair Labor Standards Act of 1938, § 15(a)(3); 29 U.S.C.A. § 215(a)(3)). In this case, Plaintiff testified as follows:

> Q (By Mr. Inge) This is important, Dale. Is it your position here today that simply because you submit a time sheet with hours on it, does not mean that you are billing TSP for that time?
>
> A. I just report my time. TSP -- and it seems has always been the case -- has been the one to determine how much they pay me. You know, I never charge them for anything. That's up to them to determine.

(Ex. B, Little Depo., p. 77, l. 9-16). Therefore, even under *Kasten*, Plaintiff could not have provided TSP with "fair notice" that he 1) considered their actions to be illegal,[3] or 2) was filing a complaint because Plaintiff left the decision as to what portion of his timesheet required compensation up to TSP. *Id.* Further, there is zero evidence which suggests that TSP did not reasonably believe its policy to be legal.

  j.  **Plaintiff's Original Petition seeks lost wages for retaliation only**

  23.  Plaintiff's Original Petition seeks lost wages only under the retaliation provision of the FLSA. (Ex. A¶¶ 15, -17). Plaintiff did not levy a complaint sufficient to establish his *prima facie* case, therefore, summary judgment is proper with respect to Plaintiff's claim for lost wages. 29 U.S.C. § 215(a)(3); *see Hagan v. Echostar Satellite L.L.C.,* 529 F.3d 617, 624 (5th Cir. - 2008).

  k.  **TSP may properly rely on 29 U.S.C. §259**

  24.  TSP's amended answer invoked the good faith provisions of Section 259 by pleading that it at "all times acted in good faith and had reasonable grounds for believing their pay practices complied in all respects with the FLSA." (ECF 45, p. 25). Second, the DOL website relied upon by TSP clearly constitutes a "written interpretation" sufficient to comply with 29 C.F.R. §§ 790.13, 790.17. The holding in *Tran*, which is non-binding, is restricted to instances where the employer merely performed a random internet search, as opposed to TSP's reliance on the DOL's published interpretation of its own policy. *Tran,* 2010 WL 5232944, at *7.

  25.  TSP notes that Plaintiff continues to misquote the testimony of TSP's 30(b)(6) representative, <u>possibly because Plaintiff's claim for attorneys' fees and lost wages hinges entirely on a finding that TSP lacked good faith</u>. TSP's actual testimony with respect to good faith is as follows:

> Q. The next paragraph [of Defendant's Amended Petition], 25, it says, defendants at all times acted in good faith and had reasonable grounds for

---

[3] The "evidence," which is inadmissible hearsay, attached at Ex. 3 to Plaintiff's Response, confuses the issue before the Court because Plaintiff's text asks about TSP's one hour mandatory lunch time policy, not the September 23, 2011, drive time policy at issue in this lawsuit. (ECF 72, Ex. 3, Little 246); (Ex. A¶¶ 12 -13).

        believing their pay practices complied in all aspects with the FLSA. What is the defendant's basis for that statement?

A.   Well, I talked to attorneys, I looked it up on the Department of Labor website and that's why I believe that we did the correct thing. I run my business the correct way and I want to run it the correct way.

Q.   When you say, that you talked to the attorneys and looked it up on the –

A.   I talked to an attorney, yeah.

Q.   -- Department of Labor website, you're referring to the two things we discussed in some detail earlier?

A.   That's correct.

Ex. F, p. 103, l. 5-22.

                                         Respectfully submitted,

                                         By:    */s/ H. Peyton Inge IV*
                                           **H. Peyton Inge IV**
                                           State Bar No. 24053279

                                         **CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C.**
                                         2777 Stemmons Freeway, Suite 1157
                                         Dallas, Texas 75207
                                         (214) 905-2003
                                         (214) 905-1213 (Facsimile)

                                         **Charles S. Cantu**
                                         *Attorney-in-Charge*
                                         Texas Bar No. 24044911

                                         Charles S. Cantu, Attorney at Law
                                         Post Office Box 150331
                                         Arlington, Texas 76015
                                         214.506.3115 - direct
                                         817.704.4504 -facsimile

                                         **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

        I do hereby certify that on this 12th day of February, 2013, a true and correct copy of the above and foregoing document has been forwarded in accordance with the Federal Rules of Civil Procedure to all counsel of record via electronic service.

                                                */s/ H. Peyton Inge IV*
                                    **H. Peyton Inge IV**