IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00717 |
| | § | **JURY** |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, KEITH LEAR, and DONNA LEAR | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff **Dale Little** submits his Proposed Jury Instructions.  Plaintiff objects to the use of any jury instructions or questions given to the jury that are other than the instructions and questions proposed herein.

Respectfully submitted,

/s/ Jason E. Winford
David Watkins
Texas Bar No. 20922000
Jason E. Winford
Texas Bar No. 00788693

JENKINS & WATKINS,
A Professional Corporation
2626 Cole Avenue, Suite 200
Dallas, Texas 75204
(214) 378-6675 - Telephone
(214) 378-6680 - Facsimile

**ATTORNEYS FOR PLAINTIFF**

## Certificate of Service

I hereby certify that on March 20, 2013 I electronically filed a true and correct copy of the foregoing document in compliance with Local Rule CV-5. As such, this document was served on all counsel by electronic service.

/s/ Jason E. Winford

## Preliminary Instructions[1]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence.  Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.  [Do not take notes.]

[Alternate 1:  You will need to rely on your memories.]

[Alternate 2:  If you would like to take notes during the trial, you may do so.  If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.]  Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case.  If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court

---

[1] Fifth Circuit Pattern Jury Instructions - Civil No. 1.1 (2006).

immediately.  Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them.  It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case.  You are to be guided solely by what you see and hear in this trial.  Do not learn anything about the case from any other source.  [In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it.]  [Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.]

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence.  I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

## General Instructions for Charge[2]

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

---

[2] Fifth Circuit Pattern Jury Instructions - Civil No. 3.1 (2006).

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

### Consideration of the Evidence[3]

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts.

---

[3] Fifth Circuit Pattern Jury Instructions - Civil No. 2.18 (2006).

The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## Deposition Testimony[4]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## Expert Witnesses[5]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

## Demonstrative Evidence[6]

Certain exhibits are illustrations. They are a party's description or picture or model to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

## Stipulations of Fact[7]

The parties have agreed, or stipulated, that:

1.    Plaintiff was employed by Technical Specialty Products, LLC ("TSP") from May 13, 2011 until his discharge on October 20, 2011.

2.    TSP provides oilfield support services, specifically, installing and servicing of video camera systems on oil rigs.

---

[4] Fifth Circuit Pattern Jury Instructions - Civil No. 2.23 (2006).

[5] Fifth Circuit Pattern Jury Instructions - Civil No. 2.19 (2006).

[6] Fifth Circuit Pattern Jury Instructions - Civil No. 2.8 (2006) (as modified).

[7] Fifth Circuit Pattern Jury Instructions - Civil No. 2.3 (2006); Proposed Joint Final Pretrial Order (filed March 13, 2013) (Dkt. 88).

3.      TSP is based in Baton Rouge, Louisiana.

4.      Plaintiff lives in McKinney, Texas.

5.      Keith Lear is the owner, CEO and General Manager of TSP.

6.      Plaintiff worked at TSP as a Field Service Technician.

7.      As a Field Service Technician, Plaintiff's job duties included installing and servicing video camera systems on oil rigs.

8.      TSP is an enterprise engaged in commerce or in the production of goods in commerce.

9.      During his employment TSP, Plaintiff was engaged in commerce or in the production of goods in commerce.

10.     During his employment with TSP, Plaintiff was not exempt from the overtime requirements of the Fair Labor Standard Act.

11.     TSP provided Plaintiff with a company vehicle, as well as provided him with a company credit card and phone.

12.     Plaintiff's regular rate of pay was $23.00 per hour.

13.     Plaintiff's overtime rate of pay was $34.50 per hour, which is 1½ times his regular rate.

14.     Before September 23, 2011, TSP counted both drive time and rig time as compensable work time, and TSP counted all those hours in determining and paying overtime compensation.

15.     On September 23, 2011, TSP announced a new overtime policy for paying drive time.

16.     The new policy states as follows:

Effective immediately the policy for drive time is as follows:

Drive time to/from job sites and hotels will no longer be paid as overtime hours.  If more than 40 hours for the week have already been worked, Employee will still receive regular pay for drive time hours and overtime pay for rig hours.

To avoid any delay in receiving future paychecks this Policy Notice must be signed and returned to the office IMMEDIATELY.

17.     TSP discharged Plaintiff on October 20, 2011.

This means that both sides agree that this is a fact.  You must therefore treat this fact as having been proved.

## FLSA Overtime Claim[8]

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay. Plaintiff claims that Defendant Technical Specialty Products, LLC ("TSP") did not pay him the legally required overtime pay.

Plaintiff must prove each of the following by a preponderance of the evidence:

1.    That TSP employed Plaintiff during the time period involved;

2.    That Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce; and

3.    That TSP failed to pay Plaintiff the overtime pay required by law.

The parties have agreed, or stipulated, that TSP employed Plaintiff during the time period involved.  The parties have also agreed, or stipulated, that Plaintiff was engaged in commerce or in the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce.  This means that both sides agree that these are facts.  You must therefore treat these facts as having been proved.[9]  As a result, only the third element is in dispute—that is, whether TSP failed to pay Plaintiff the overtime pay required by law.

An employer must pay its employees at least one and one-half times their regular rate for overtime work. Overtime work is time worked in any one workweek over 40 hours.[10]

An employee's regular rate is the basis for calculating any overtime pay due the employee.

The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

---

[8] Adapted from Fifth Circuit Pattern Jury Instructions - Civil No. 11.1 (2006) (as modified to reflect (i) that Plaintiff is seeking unpaid overtime, not unpaid minimum wage; (ii) that the parties have stipulated that Plaintiff was employed during the time period involved, that Plaintiff was engaged in commerce, and that Defendant was an enterprise engaged in commerce; and (iii) that Defendants are not claiming that Plaintiff was exempt from the FLSA's overtime requirements).

[9] Fifth Circuit Pattern Jury Instructions - Civil No. 2.3 (2006) (stipulations of fact); Proposed Joint Final Pretrial Order (filed March 13, 2013) (Dkt. 88).

[10] 29 U.S.C. § 207(a); Eleventh Circuit Pattern Jury Instructions (Civil Cases) (2005) (similar instruction defining overtime work as "time worked in any one work week over 40 hours").

The parties have agreed, or stipulated, that Plaintiff's regular rate of pay was $23.00 per hour and that Plaintiff's overtime rate of pay was $34.50 per hour, which is 1½ times his regular rate.  This means that both sides agree that these are facts.  You must therefore treat these facts as having been proved.[11]

The parties have also agreed, or stipulated, that Plaintiff was not exempt from the overtime requirements of the FLSA.  This means that both sides agree that these are facts.  You must therefore treat these facts as having been proved.[12]

If, after considering all of the evidence, you find that Plaintiff has failed to prove one or more of the elements of his claim, your verdict must be for TSP.

If, however, you find that Plaintiff has proved by a preponderance of the evidence all of the elements of his claim, then your verdict must be for Plaintiff and you must determine the damages that Plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

---

[11] Fifth Circuit Pattern Jury Instructions - Civil No. 2.3 (2006) (stipulations of fact); Proposed Joint Final Pretrial Order (filed March 13, 2013) (Dkt. 88).

[12] Fifth Circuit Pattern Jury Instructions - Civil No. 2.3 (2006) (stipulations of fact); Proposed Joint Final Pretrial Order (filed March 13, 2013) (Dkt. 88).

## FLSA Retaliation Claim[13]

Plaintiff claims he was retaliated against for engaging in activity protected by the Fair Labor Standards Act (FLSA).  The FLSA is a federal law that sets forth employment rules for the payment of minimum wages and overtime pay.[14]

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the FLSA.[15]

It is also unlawful for an employer to retaliate against an employee because the employer believed the employee engaged in activity protected by the FLSA, even if the employer's belief was mistaken.[16]

To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant Technical Specialty Products, LLC ("TSP") discharged or in any other manner discriminated against him because he engaged in protected activity.[17]

Plaintiff may also prove retaliation by proving, by a preponderance of the evidence, that TSP discharged or in any other manner discriminated against him because TSP believed he engaged in protected activity, even if that belief was mistaken.[18]

Protected activity includes the filing of any complaint, or instituting or causing to be instituted any proceeding, under or related to the FLSA.[19]

A complaint need not be in writing to be protected activity.  Protected activity includes oral, as well as written, complaints.[20]

---

[13] Adapted from Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII—Retaliation 11.6.1 (2009) (general form of retaliation instruction).

[14] 29 U.S.C. § 201 *et seq.*; *Kasten v. Sant-Gobains Performance Plastics Corp.*, 131 S.Ct. 1325, 1329 (2011) ("The Fair Labor Standards Act of 1938 (Act) sets forth employment rules concerning minimum wages, maximum hours, and overtime pay.").

[15] 29 U.S.C. § 215(a)(3).

[16] *Brock v. Richardson*, 812 F.3d F.2d 121, 125 (3d Cir. 1987); *Saffels v. Rice*, 40 F.3d 1546, 1549-51 (8th Cir. 1994); *see also Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 625-26 (5th Cir. 2008).

[17] 29 U.S.C. § 215(a)(3).

[18] 29 U.S.C. § 215(a)(3).

[19] 29 U.S.C. § 215(a)(3).

[20] *Kasten v. Sant-Gobains Performance Plastics Corp.*, 131 S.Ct. 1325 (2011).

A complaint need not be formal to be protected activity.  Protected activity also includes informal, internal complaints to the employer.[21]

It is not necessary for an employee's complaint to include a specific statement that the employer's policy violated the FLSA.[22]

TSP need not actually have known that Plaintiff was asserting rights under the FLSA, so long as a reasonable employer in its circumstances and armed with its knowledge of the relevant context would have had fair notice of Plaintiff's assertion of rights protected by the FLSA.[23]

Plaintiff does not have to prove that the laws he complained about were actually violated. It is sufficient if Plaintiff had a good-faith belief that they might be violated.[24]

Plaintiff does not have to prove that unlawful retaliation was the sole reason TSP discharged Plaintiff.[25]

If you disbelieve the reason(s) TSP has given for its decision, you may infer TSP discharged Plaintiff because he engaged in protected activity.[26]

---

[21] *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 625-26 (5th Cir. 2008).

[22] *Maynor v. Dow Chem. Co.*, 671 F.Supp.2d 902, 926 (S.D. Tex. 2009).

[23] *Kasten v. Saint-Gobain Performance Plastics Corp.*, ___ F.3d ___, 2012 WL 5971209, at *9 (7th Cir. Nov. 30, 2012) (on remand).

[24] *Sapperstein v. Hager*, 188 F.3d 852, 856-57 (7th Cir. 1999) ("There is no requirement that those laws must actually be violated. It is sufficient that the plaintiff had a good-faith belief that they might be violated,"); *Haynes v. Crescent Real Estate Equities, LLC*, 2012 WL 2574749, *5-6 (S.D. Tex. Jul. 02, 2012) (same).

[25] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII—Retaliation 11.6.1 (2009) (sole reason not required) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241 & n.7 (1989)).

[26] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII—Retaliation 11.6.1 (2009) (permissive inference instruction) (citing *Ratliff v. City of Gainesville*, 256 F.3d 355, 359-62 (5th Cir. 2001)); *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 573-74 (5th Cir. 2004) (permissive inference instruction required in FLSA case).

## FLSA Retaliation Damages[27]

If you found that Defendant Technical Specialty Products, LLC ("TSP") violated the FLSA, then you must determine whether TSP has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others:  (1) back pay and benefits, (2) front pay and benefits, (3) punitive damages, and (4) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of TSP from the date of his discharge to the date of your verdict, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, TSP proves by a preponderance of the evidence, Plaintiff received in the interim.

Front pay and benefits include the amounts the evidence shows Plaintiff would have continued to earn in the future had he remained an employee of TSP, and includes fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, TSP proves by a preponderance of the evidence, Plaintiff will receive in the interim.[28]

There is no exact standard for determining compensatory damages.  You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.   Do not include as compensatory damages back pay or interest on back pay and/or benefits.

---

[27] Adapted from Fifth Circuit Labor & Employment Law Pattern Jury Charges—ADEA—Damages § 11.9 (2009) (per 29 U.S.C. § 626(b), the ADEA incorporates the remedial provisions of the FLSA); Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII and ADA—Damages § 11.8 (2009) (for instructions regarding compensatory and punitive damages); *see also* 29 U.S.C. § 216(b) (FLSA damages); *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990) (compensatory and punitive damages); *Randolph v. ADT Security Servs., Inc.*, 2012 WL 234362, at *7 (D.Md. June 14, 2012); (compensatory damages); *Lee v. U.S. Sec. Assocs., Inc.*, 2008 WL 958219, at *7-8 (W.D. Tex. April 8, 2008) (compensatory damages).

[28] *Julian v. City of Houston*, Tex., 314 F.3d 721, 728-30 (5th Cir. 2002) (front pay).  The Court may submit the issue of front pay to the jury in an advisory capacity.  *See Julian*, 314 F.3d at 728 n.25; *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 526 (5th Cir.2001) ("Although front pay is an equitable remedy for the district court to determine, the court may empanel an advisory jury."); *see also* Fed. R. Civ. P. 39(c) (permitting advisory jury).

---

Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future.

In this case you may award punitive damages if Plaintiff proves by a preponderance of the evidence that:  (1) the individual who engaged in the retaliatory act(s) or practice(s) was a managerial employee; (2) he or she engaged in the retaliatory act(s) or practice(s) while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Plaintiff's federal protected right to be free from retaliatory.

If Plaintiff has proven these facts, then you may award punitive damages, unless TSP proves by a preponderance of the evidence that the act was contrary to the employer's good faith efforts to prevent retaliation in the workplace.

In determining whether the person who engaged in the retaliatory act(s) or practice(s) was a "managerial employee" of TSP, you should consider the type of authority he or she had over Plaintiff and whether TSP delegated employment decisions to him or her.

An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law.  Plaintiff is not required to show egregious or outrageous retaliation to recover punitive damages.  However, proof that TSP engaged in intentional retaliatory is not enough in itself to justify an award of punitive damages.

In determining whether TSP made "good faith efforts" to prevent retaliation in the workplace, you may consider things like whether it adopted anti-retaliation policies, whether it educated its employees on the federal anti-retaliation laws, how it responded to Plaintiff's complaint under or related the FLSA, and how it responded to other complaints under or related to the FLSA.

## Individual Liability

Plaintiff contends that—in addition to Defendant Technical Special Products, LLC ("TSP")—Defendants Keith Lear and Donna Lear are also "employers" within the meaning of the Fair Labor Standards Act.

Under the Fair Labor Standards Act, an "employer" includes any person acting directly or indirectly in the interests of an employer in relation to an employee.[29]

There may be more than one "employer" under the FLSA.[30]

To determine whether an individual is an employer, you should consider whether the individual:

1.      possessed the power to hire and fire employees;
2.      supervised or controlled employee work schedules or conditions of employment;
3.      determined the rate or method of payment; and
4.      maintained employee records.[31]

Those who have operating control over a company's business or employees are employers under the FLSA along with the company.[32]

The parties have agreed, or stipulated, that Keith Lear is the owner, CEO and General Manager of TSP.  This means that both sides agree that this is a fact.  You must therefore treat this fact as having been proved.[33]

---

[29] 29 U.S.C. § 203(d) (FLSA definition of employer).

[30] *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012).

[31] *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012); *Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (approving similar form of instruction).

[32] *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984); *Aberle v. Saunders MEP, Inc.*, 2011 WL 2728350, *2-3 (E.D. Tex. June 16, 2011, Mazzant, M.J.); *see also Lambert v. Ackerley*, 180 F.3d 997, 1012 (9th Cir. 1999) (approving similar form of instruction).

[33] Fifth Circuit Pattern Jury Instructions - Civil No. 2.3 (2006) (stipulations of fact); Proposed Joint Final Pretrial Order (filed March 13, 2013) (Dkt. 88).

**Duty to Deliberate**[34]

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Instructions on Deliberation**[35]

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form.  Return this charge together with your written answers to the questions.  Unless I direct you otherwise, do not reveal your answers until such time as you are discharged.  You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

---

[34] Fifth Circuit Pattern Jury Instructions - Civil No. 2.11 (2006).

[35] Fifth Circuit Pattern Jury Instructions - Civil No. 2.12 (2006).

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-00717 |
| | § | **JURY** |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, KEITH LEAR, and DONNA LEAR | § | |
| | § | |
| Defendants. | § | |

## **VERDICT OF THE JURY**

### **FLSA Overtime Claim**

### **Question No. 1**

Did Technical Specialty Products, LLC fail to pay Plaintiff the overtime pay required by law?

Answer "Yes" or "No"

_____

### **FLSA Overtime Damages**

### **Question No. 2**

Answer this question if you answered "Yes" to Question 1.  Otherwise, do not answer this question.

What sum of money do you find that Technical Specialty Products, LLC's failed to Plaintiff for overtime pay?

Answer in dollars and cents, if any.

_____

## FLSA Retaliation Claim

### Question No. 3-a

Did Technical Specialty Products, LLC discharge or in any other manner discriminate against Plaintiff because he engaged in protected activity?[36]

Answer "Yes" or "No"

_____

### Question No. 3-b

Did Technical Specialty Products, LLC discharge or in any other manner discriminate against Plaintiff because it believed Plaintiff engaged in protected activity?[37]

Answer "Yes" or "No"

_____

## FLSA Retaliation Damages

### Question No. 4

Answer this question if you answered "Yes" to Question 3-a or 3-b.  Otherwise, do not answer this question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Technical Specialty Products, LLC caused Plaintiff?[38]

Answer in dollars and cents for the following items and none other:

_____

[36] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII—Retaliation 11.6.1 (2009) (form of retaliation question).

[37] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII—Retaliation 11.6.1 (2009) (form of retaliation question).

[38] Fifth Circuit Labor & Employment Law Pattern Jury Charges—ADEA—Damages § 11.9 (2009) (form of question for back pay and benefits) (per 29 U.S.C. § 626(b), the ADEA incorporates the remedial provisions of the FLSA); Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII and ADA—Damages § 11.8 (2009) (form of question for compensatory damages).

Back pay and benefits:

_____

Front pay and benefits:[39]

_____

Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life:

_____

## **Punitive Damages—Predicate**

### **Question No. 5**

Based on the evidence presented, do you find that Plaintiff should be awarded punitive damages?[40]

Answer "Yes" or "No."

_____

## **Punitive Damages—Amount**

### **Question No. 6**

If you answered "Yes" to Question No. 5, then answer the following Question:

What sum of money should be assessed against Technical Specialty Products, LLC as punitive damages?[41]

_____

[39] *Julian v. City of Houston*, Tex., 314 F.3d 721, 728 n.25 (5th Cir. 2002); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 526 (5th Cir.2001) ("Although front pay is an equitable remedy for the district court to determine, the court may empanel an advisory jury."); *see also* Fed. R. Civ. P. 39(c) (permitting advisory jury).

[40] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII and ADA—Damages § 11.8 (2009) (form of question regarding punitive damages).

[41] Fifth Circuit Labor & Employment Law Pattern Jury Charges—Title VII and ADA—Damages § 11.8 (2009) (form of question regarding punitive damages).

Answer in dollars and cents:

_____

### FLSA Individual Liability—Keith Lear

**Question No. 7**

Based on the evidence presented, do you find that Keith Lear is an employer under the FLSA?

Answer "Yes" or "No."

_____

### FLSA Individual Liability—Donna Lear

**Question No. 8**

Based on the evidence presented, do you find that Donna Lear is an employer under the FLSA?

Answer "Yes" or "No."

_____

We, the jury, have answered the above questions as indicated above and now return those questions and answers to the Court as our verdict.

SIGNED this _____ day of _____, 2013.

_____
                                    PRESIDING JUROR

_____