IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-cv-00717 |
| | § | **JURY** |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, KEITH LEAR, AND | § | |
| DONNA LEAR | § | |
| | § | |
| Defendants. | § | |

### JOINT FINAL PRETRIAL ORDER

This cause came before the court at a pre-trial management conference held on April 26, 2013, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.   COUNSEL FOR THE PARTIES**

**Plaintiff:** David Watkins (Attorney in Charge) and Jason E. Winford, JENKINS & WATKINS, A PROFESSIONAL CORPORATION, 2626 Cole Avenue, Suite 200, Dallas, Texas 75201.

**Defendants:**  Charles S. Cantu (Attorney in Charge), CHARLES S. CANTU, ATTORNEY AT LAW, Post Office Box 150331, Arlington, Texas 76015, and H. Peyton Inge IV, CHAMBLEE, RYAN, KERSHAW & ANDERSON, P.C., 2777 Stemmons Freeway, Suite 1157, Dallas, Texas 75207.

**B.   STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on Title 28 U.S.C. § 1331 in that Plaintiff brings this action under Title 29 U.S.C. § 216(b), the Fair Labor Standards Act.  Jurisdiction is not disputed.

**C.   NATURE OF ACTION**

This is a suit for unpaid overtime compensation and retaliatory discharge under the Fair Labor Standards Act ("FLSA").

**D.    CONTENTIONS OF THE PARTIES**

The parties set forth their respective contentions for trial. The parties do not necessarily agree with each other's contentions and reserve all objections. Where the parties do not specifically address one another's contentions, *infra*, it should not be assumed that the parties agree with such contention. To the contrary—a party's failure to explicitly address the other's contention should be construed as a denial.

Plaintiff's Contentions:

Plaintiff contends that he worked as a Field Service Technician for Defendant Technical Specialty Products, LLC ("TSP"), from May 13, 2011 until he was discharged on October 20, 2011.

Plaintiff contends that he is owed unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Specifically, Plaintiff contends that TSP enacted a new overtime policy effective September 23, 2011, under which TSP failed to count or pay for driving time in determining overtime pay. Plaintiff further contends that, as a result of TSP's new overtime policy, TSP failed to pay him overtime pay from September 23, 2011 through October 20, 2011, even though he worked more than 40 hours in a workweek.

Plaintiff also contends that TSP retaliated against him in violation of the FLSA, 29 U.S.C. § 215(a)(3). Specifically, Plaintiff contends that he complained to TSP about its overtime policy, and that TSP discharged him on October 20, 2011 in retaliation for his complaints.

Plaintiff also contends that, in addition to TSP, Defendants Keith Lear and Donna Lear are also individually liable for Plaintiff's damages, because as corporate officers with operational control of TSP, they each are "employers" within the meaning of 29 U.S.C. § 203(d).

Defendants' Contentions:

### TSP Hires Plaintiff

Keith Lear is the owner, CEO, and General Manager of TSP. Donna Lear, Keith's wife, assists in management at TSP, and Holly Paola supervises TSP employees and keeps TSP's records. TSP hired Plaintiff as one of its highest paid, non-management field technicians in May 2011. TSP paid for Plaintiff's U-Haul to move to McKinney, Texas (which Plaintiff generally refers to as the "Dallas area"), as well as provided Plaintiff with a company IPhone and truck. TSP also provided Plaintiff with a company credit card for business expenses. TSP required Plaintiff to supply his own small tools (such as a screwdriver) that fit in a small, personal tool kit that he carried to job sites.

Plaintiff signed an employment manual/agreement, which provides that he is employed at will and could be terminated for any reason, or no reason. The manual contained instructions regarding use of company property and notified each TSP employee that prior authorization was needed for overtime. Among other reasons, the employment manual/agreement specifically notified Plaintiff that TSP could terminate his employment for abuse of the company credit card.

Pursuant to an agreement between Plaintiff and TSP, Plaintiff used TSP's truck (the "Truck"), which TSP provided as perquisite so that Plaintiff would not be forced to use his personal vehicle. Plaintiff even signed a later agreement, which states that Plaintiff is responsible for all repairs to the Truck.

### Plaintiff's Job Duties for TSP

Plaintiff's principle activity as a field technician was to install and service video equipment on oil and gas rigs, but involved travel to wherever the work happened to be located, including New Mexico, Louisiana, Oklahoma, and Texas. TSP paid Plaintiff straight time to commute to and from work, but did not include Plaintiff's ordinary commute to or from work, or his hotel, in his

compensable hours, for which he would have received overtime pay if such hours exceeded 40 in any given workweek.

TSP required all field technicians to keep a GPS tracking device on their vehicle and to accurately identify the hours worked (as well as the hours spent driving) on timesheets that the employees submitted once per two-week pay period.

### *Defendants' Response to Plaintiff's FLSA Claim*

Plaintiff contends that he is owed unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Importantly, Plaintiff does **not** allege that TSP failed to pay him, only that TSP failed to pay him overtime for the weekly hours he billed that exceeded forty. But TSP included all hours within any given continuous workday within Plaintiff's overtime computation. TSP did not pay Plaintiff overtime for drive time because—after the allowable reduction for Plaintiff's ordinary commute—no overtime was owed.

### *Defendants' Response to Plaintiff's Retaliation Claim*

In addition, Plaintiff now claims that TSP terminated his employment in retaliation for his overtime claims. But TSP terminated Plaintiff for numerous violations of company policy, including, but not limited to, the following:

- Plaintiff's timesheets demonstrated an abnormally large amount of drive time to and from work. Plaintiff's drive times between identical points varied widely on different days. Plaintiff's drive times far exceeded the hours other field technicians required to drive between identical points. Plaintiff's personal errands are not compensable. Prior to his termination, TSP asked that Plaintiff provide proof to substantiate the drive time recorded on his timesheets, however, Plaintiff never did. Indeed, Plaintiff has failed and refused to provide substantiation during this lawsuit.

- The GPS device on Plaintiff's truck became disabled. Despite being asked numerous times by TSP management to have the GPS unit repaired, Plaintiff failed and refused to do so. TSP uses the GPS units on its field technicians' vehicles to substantiate their timesheets.

- After retaining counsel, Plaintiff proceeded to bill TSP for no less than 15 hours to obtain incidental safety inspections and/or estimates from Firestone and Christian

> Brothers Automotive on October 12-13, 2011.  Curiously, Plaintiff first visited a Firestone to obtain an identical safety inspection/estimate in Lubbock on October 11. 2011.  It is uncontroverted that Plaintiff billed TSP for at least four hours to obtain the October 11 estimate.  TSP did not instruct Plaintiff to obtain more than one estimate and to the extent any incidental repairs were required, Plaintiff was obligated to perform such repairs at his own expense.

After discovering these discrepancies, among others, TSP terminated Plaintiff's employment on October 21, 2011.  Plaintiff filed a claim with the Texas Work Force Commission ("TWC") on November 9, 2011.  Plaintiff specifically asked the TWC to award him $3,526.79, for 125 hours of wages that he alleged he was owed, as well as compensation for his final day of work.  TWC awarded Plaintiff $195.50 dollars in full resolution of Plaintiff's claim.

### TSP Did Not Violate the FLSA

As a matter of law, TSP is not obligated to pay Plaintiff anything for his ordinary commute to or from work.  29 U.S.C. § 254(a); 29 C.F.R. § 785.34 – 35; 29 C.F.R. § 790.7(f).  Even assuming *arguendo* that TSP was obligated to pay Plaintiff to commute to and from work, which it was not, TSP's good faith reliance on the language contained on the Department of Labor's website, which states that "time spent in home-to-work travel by an employee in an employer-provided vehicle, or in activities performed by an employee that are incidental to the use of the vehicle for commuting" to or from work within the normal commuting area generally is not "hours worked" and, therefore, does not have to be paid," precludes Plaintiff's claim for liquidated damages, including attorneys' fees, as a matter of law.  Furthermore, Plaintiff's commute to or from work does not fall under the "continuous workday rule" and is non-compensable. 29 C.F.R. § 790.6(b).  Travel time that does not exceed the employee's regular commute to or from work is non-compensable because it constitutes ordinary "home-to-work" travel, even if the employer agrees to pay for it. 29 C.F.R. § 785.34, 37.  Notably, the employee's usual meal time remains deductible, i.e., non-compensable. Id. at 37.

Alternatively, Plaintiff's refusal to provide proof to substantiate his hours, which varied significantly for similar employees, entitles the Defendants to the defense of good faith, which precludes Plaintiff's liquidated damages claim, including attorneys' fees. Judgment in favor of Defendants is also appropriate with respect to Plaintiff's "retaliation" claim because Plaintiff is unable to prove essential elements of his claim, including that he engaged in a protected activity. Plaintiff's claim for lost wages fails for a similar reason as a matter of law. Plaintiff's punitive damages claim must fail because punitive damages are not recoverable in as a matter of law. 29 U.S.C. § 215(a)(3).

**E.     STIPULATIONS AND UNCONTESTED FACTS**

1. Plaintiff was employed by Technical Specialty Products, LLC ("TSP") from May 13, 2011 until his discharge on October 20, 2011.

2. TSP provides oilfield support services, specifically, installing and servicing of video camera systems on oil rigs.

3. TSP is based in Baton Rouge, Louisiana.

4. Plaintiff lives in McKinney, Texas.

5. Keith Lear is the owner, CEO and General Manager of TSP.

6. Plaintiff worked at TSP as a Field Service Technician.

7. As a Field Service Technician, Plaintiff's job duties included installing and servicing video camera systems on oil rigs.

8. TSP is an enterprise engaged in commerce or in the production of goods in commerce.

9. During his employment TSP, Plaintiff was engaged in commerce or in the production of goods in commerce.

10. During his employment with TSP, Plaintiff was not exempt from the overtime requirements of the Fair Labor Standard Act.

11. TSP provided Plaintiff with a company vehicle, as well as provided him with a company credit card and phone.

12. Plaintiff's regular rate of pay was $23.00 per hour.

13. Plaintiff's overtime rate of pay was $34.50 per hour, which is 1½ times his regular rate.

14. Before September 23, 2011, TSP counted both drive time and rig time as compensable work time, and TSP counted all those hours in determining and paying overtime compensation.

15. On September 23, 2011, TSP announced a new overtime policy for paying drive time.

16. The new policy states as follows:

    Effective immediately the policy for drive time is as follows:

    Drive time to/from job sites and hotels will no longer be paid as overtime hours. If more than 40 hours for the week have already been worked, Employee will still receive regular pay for drive time hours and overtime pay for rig hours.

    To avoid any delay in receiving future paychecks this Policy Notice must be signed and returned to the office IMMEDIATELY.

17. TSP discharged Plaintiff on October 20, 2011.

**F.  CONTESTED ISSUES OF FACT AND LAW**

The parties set forth below their contested issued of fact and law. The parties do not agree that each contested issue listed may be properly raised. The parties reserve all objections.

1. Whether, between September 23, 2011 and October 20, 2011, TSP employed Plaintiff for workweeks longer than 40 hours without compensating him for his employment in excess of 40 hours at a rate not less than 1½ times the regular rate at which he was employed, in violation of 29 U.S.C. § 207(a)(1).

    a. Whether Plaintiff worked over 40 hours in the workweeks between September 23, 2011 and October 20, 2011, and in what amount.

    b. Whether Plaintiff's drive time hours are compensable under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

    c. Whether Plaintiff's drive time hours are excluded from compensation under the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*

    d. Whether Plaintiff's drive time hours are compensable under the Employment Commute Flexibility Act, 29 U.S.C. § 254(a).

    e. Whether Plaintiff's drive time hours are compensable by custom or practice under 29 U.S.C. § 254(b).

  f. The amount, if any, of unpaid overtime compensation that Plaintiff is entitled to recover.

  g. Whether Plaintiff is entitled to recover an additional equal amount of unpaid overtime compensation as liquidated damages and, if so, in what amount.

2. Whether TSP discharged Plaintiff because he filed a complaint under or related to the FLSA, in violation of 29 U.S.C. § 215(a)(3).

  a. Whether Plaintiff filed a complaint under or related to the FLSA.

  b. Whether TSP discharged Plaintiff because he filed a complaint under or related to the FLSA.

  c. Whether Plaintiff is entitled to recover back pay and, if so, in what amount.

  d. Whether Plaintiff is entitled to recover an additional equal amount of back pay as liquidated damages and, if so, in what amount.

  e. Whether Plaintiff is entitled to reinstatement or to recover front pay in lieu of reinstatement and, if so, in what amount.

  f. Whether Plaintiff is entitled to recover compensatory damages and, if so, in what amount.

  g. Whether Plaintiff is entitled to recover punitive damages and, if so, in what amount.

3. Whether Defendants Keith Lear and/or Donna Lear are individually liable under the FLSA.

4. Whether Plaintiff is entitled to recover pre- and post-judgment interest, and in what amounts.

5. Whether Plaintiff is entitled to recover costs and, if so, in what amount.

6. Whether Plaintiff is entitled to recover attorneys' fees and, if so, in what amount.

7. Whether TSP relied in good faith reliance on the language contained on the Department of Labor's website, which states that "time spent in home-to-work travel by an employee in an employer-provided vehicle, or in activities performed by an employee that are incidental to the use of the vehicle for commuting" to or from work within the normal commuting area generally is not "hours worked" and, therefore, does not have to be paid."

  a. Whether TSP's good faith reliance precludes Plaintiff's claim for liquidated damages, including attorneys' fees, as a matter of law.

8. Whether Plaintiff refused to provide proof to substantiate his hours, and whether his hours varied significantly for similar employees.

   a. Whether Plaintiff's refusal entitles the Defendants to the defense of good faith, which precludes Plaintiff's liquidated damages claim, including attorneys' fees

**G. LIST OF WITNESSES**

Plaintiff's Witness List is attached as <u>Exhibit 1</u>. Defendants' Witness List is attached as <u>Exhibit 2</u>.

**H. LIST OF EXHIBITS**

Plaintiff's Exhibit List is attached as <u>Exhibit 3</u>. Defendants' Exhibit List is attached as <u>Exhibit 4</u>.

**I. LIST OF ANY PENDING MOTIONS**

1. Memorandum in Support of Defendants' Motion for Complete, or in the Alternative, Partial Summary Judgment (Dkt. 64)

2. Plaintiff's Motion for Partial Summary Judgment and Brief in Support (Dkt. 70)

3. Defendants' Objection and Conformed, Amended Motion to Strike Plaintiff's Experts Brian Farrington and Scott Barnes (Dkt. 76)

**J. PROBABLE LENGTH OF TRIAL**

The probable length of trial is five (5) days.

**K. MANAGEMENT CONFERENCE LIMITATIONS**

None.

**L. CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:

    a.    is in existence;
    b.    is numbered; and
    c.    has been disclosed and shown to opposing counsel.

**SIGNED this 26th day of April, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE