# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00717 |
| | § | Judge Mazzant |
| TECHNICAL SPECIALTY PRODUCTS, | § | |
| LLC, et. al. | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions.

A verdict form has been prepared for you. In answering the questions I will submit to you, answer "Yes" or "No" unless otherwise instructed. You will take this form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In determining whether any fact has been proven in the case, you may, except in those instances where I have instructed otherwise, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have

produced them.

## I. General Instructions

*Considering Witness Testimony*

An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.

In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either Plaintiff or Defendants? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

You, the jurors, are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness' testimony. By the Court allowing testimony or other evidence to be introduced over the objection of an attorney, the Court did not indicate any opinion as to the weight or effect of such evidence.

When the Court sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have testified to, if he or she had been permitted to answer the question.

At times during the trial it was necessary for the Court to talk with the lawyers here at the

bench out of your hearing, or by calling a recess.  We met because often during a trial something comes up that does not involve the jury.  You should not speculate on what was discussed during such times.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Instruction Regarding Juror Questions*

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness' testimony.  Remember that I asked you not to be offended if I did not present your question to be answered by the witness.  That has happened in this case, and so I want to instruct you further that I have entered orders in this case that prohibit the parties from presenting evidence to the jury that is not relevant to the questions you will be deciding in this case.  You should not speculate on the answer to any

unasked question and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

### *How to Examine the Evidence*

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. Unless you are instructed otherwise, the testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from all the evidence, whether direct or circumstantial.

The parties have stipulated, or agreed, to some facts in this case. When the lawyers on both sides stipulate to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially

consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

*Expert Witness Testimony*

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he or she is called an expert witness – is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

*Use of Notes Taken by Jury*

Any notes that you have taken during this trial are only aids to your memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II. The Nature of the Action, the Parties, and the Contentions

*Statement of the Case*

This is a civil case for retaliatory discharge under the Fair Labor Standards Act ("FLSA"). Plaintiff worked for Defendant Technical Specialty Products, LLC, ("TSP") as a

Field Service Technician. During his time of employment, TSP modified its policy regarding payment of overtime for time spent driving to and from various work locations. Plaintiff contends that he complained about this new overtime policy, and that TSP fired him in retaliation for his complaints.

Defendants deny Plaintiff's allegations, and contend that Plaintiff was terminated for numerous violations of company policy. Defendants Keith Lear and Donna Lear contend that they are not "employers" as defined by the FLSA and are not individually liable.

*Stipulated Facts*

Before this trial started and during the course of this trial, the parties stipulated or agreed that certain facts are true. These facts are as follows:

1. Plaintiff was employed by Technical Specialty Products, LLC ("TSP") from May 13, 2011 until his discharge on October 20, 2011.

2. TSP provides oilfield support services, specifically, installing and servicing of video camera systems on oil rigs.

3. TSP is based in Baton Rouge, Louisiana.

4. Plaintiff lives in McKinney, Texas.

5. Keith Lear is the owner, CEO and General Manager of TSP.

6. Plaintiff worked at TSP as a Field Service Technician.

7. As a Field Service Technician, Plaintiff's job duties included installing and servicing video camera systems on oil rigs.

8. During his employment with TSP, Plaintiff was not exempt from the overtime requirements of the Fair Labor Standards Act.

9. TSP provided Plaintiff with a company vehicle, as well as provided him with a company credit card and phone.

10. Plaintiff's regular rate of pay was $23.00 per hour.

11. Plaintiff's overtime rate of pay was $34.50 per hour, which is 1½ times his regular rate.

12. Before September 23, 2011, TSP counted both drive time and rig time as compensable work time, and TSP counted all those hours in determining and paying overtime compensation.

13. On September 23, 2011, TSP announced a new overtime policy for paying drive time.

14. The new policy stated as follows:

> Effective immediately the policy for drive time is as follows:
>
> Drive time to/from job sites and hotels will no longer be paid as overtime hours. If more than 40 hours for the week have already been worked, employee will still receive regular pay for drive time hours and overtime pay for rig hours.
>
> To avoid delay in receiving future paychecks this Policy Notice must be signed and returned to the office IMMEDIATELY.

15. TSP discharged Plaintiff on October 20, 2011.

This means that both sides agree that these are facts. You must therefore treat these facts as having been proven.

*Burden of Proof*

You must answer all questions based upon a **"preponderance of the evidence."** This means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence means the amount of evidence that persuades you that a claim is more likely true than not true.

### III. Fair Labor Standards Act Retaliation Claim

Plaintiff claims he was retaliated against for engaging in activity protected by the Fair Labor Standards Act ("FLSA"). The FLSA is a federal law that sets forth employment rules for the payment of minimum wages and overtime pay.

It is unlawful for an employer to retaliate against an employee for engaging in activity

7

protected by the FLSA. To prove unlawful retaliation, Plaintiff must first prove that he engaged in a protected activity under the FLSA by a preponderance of the evidence. A protected activity includes the filing of any complaint. A complaint need not be in writing to be a protected activity. Protected activity includes oral, as well as written, complaints. A complaint need not be a formal complaint to be protected activity. Protected activity also includes informal, internal complaints to the employer. The informal complaint must concern some violation of law and be framed in terms of the potential illegality of the action. However, it is not necessary for Plaintiff's complaint to include a specific statement that the employer's policy violated the FLSA. Plaintiff does not have to prove that the laws he complained about were actually violated. It is sufficient if Plaintiff had a good-faith belief that they might be violated.

Plaintiff must also prove by a preponderance of the evidence that he suffered an adverse employment action. An adverse employment action includes discharge or termination. The parties have stipulated that TSP discharged Plaintiff on October 20, 2011. Therefore, you must treat this fact as having been proven.

Plaintiff must also prove by a preponderance of the evidence that there is a causal link between the protected activity and the adverse action. In other words, Plaintiff must prove that TSP's decision to discharge him was based in part on knowledge of Plaintiff's protected activity. Plaintiff does not have to prove that unlawful retaliation was the sole reason TSP discharged Plaintiff. If you disbelieve the reasons that TSP gave for its decision to discharge Plaintiff, you are permitted, but need not, infer that TSP discharged Plaintiff because he engaged in a protected activity.

If you find that Plaintiff failed to prove each of these elements by a preponderance of the evidence, then you must find for the Defendants. If you find that Plaintiff successfully proved

each element by a preponderance of the evidence, then you must find for Plaintiff.

*Individual Liability*

Plaintiff contends that – in addition to TSP – Defendants Keith Lear and Donna Lear are also "employers" within the meaning of the FLSA. Under the FLSA, an "employer" includes any person acting directly or indirectly in the interests of an employer in relation to an employee.

There may be more than one "employer" under the FLSA. To determine whether an individual is an employer, you should consider whether the individual:

1. possessed the power to hire and fire employees;

2. supervised or controlled employee work schedules or conditions of employment;

3. determined the rate or method of payment; and

4. maintained employee records.

Those who have operating control over a company's business or employees are employers under the FLSA along with the company.

## IV. Damages

If you find that TSP violated the FLSA, then you must determine whether TSP has caused Plaintiff damages, and, if so, you must determine the amount, if any, of those damages. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether TSP violated the FLSA. I am instructing you on damages only so that you will have guidance in the event you decide that TSP is liable and that Plaintiff is entitled to recover money from TSP.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not

prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: (1) back pay, and (2) compensatory damages, which includes emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. As a defense, Defendants claim that Plaintiff failed to seek gainful employment after he was terminated.

Although you have heard evidence of front pay, that issue is one that will be decided by the Court, and you should not consider an award of front pay in deciding damages.

Back pay includes the amount the evidence shows Plaintiff would have earned had he remained an employee of TSP from the date of his discharge to the date of your verdict, minus the amounts of earnings, if any, Defendants prove by a preponderance of the evidence Plaintiff received in the interim.

If you find that TSP is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. There is no exact standard for determining compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate Plaintiff for the damage that Plaintiff has suffered as a result of TSP's conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by TSP's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. Do not include as compensatory damages any amount of back pay or interest on back pay and/or benefits or front pay.

You have heard testimony during the trial regarding Plaintiff's job search efforts. I am instructing you to disregard this evidence in awarding damages, if any, to Plaintiff.

## V. The Duty to Deliberate

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the

instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

**SIGNED this 2nd day of May, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE