# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

DALE LITTLE               §
                              §
V.                              §          CASE NO. 4:11-CV-717
                              §
TECHNICAL SPECIALTY PRODUCTS      §
LLC, et. al.                      §

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' REURGED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pending before the Court is Defendants' Re-Urged Motion for Judgment as a Matter of Law (Dkt. #117). Also before the Court is Plaintiff's response (Dkt. #121). After reviewing the motion, the response, and the relevant pleadings, the Court finds Defendants' motion should be denied.

## BACKGROUND

This is a suit for employment retaliation under the Fair Labor Standards Act ("FLSA"), in which the jury found Defendant Technical Specialty Products, LLC ("TSP") fired Plaintiff in violation of the FLSA and awarded him $105,366.25 in back pay (Dkt. #113). The jury also found Defendants Keith Lear and Donna Lear individually liable as "employers" under the FLSA. *Id.* At the close of evidence, the Court denied Defendants' motion for judgment as a matter of law. On May 22, 2013, Defendants' filed their Re-Urged Motion for Judgment as a Matter of Law (Dkt. #117). On June 5, 2013, Plaintiff filed his response (Dkt. #121).

In addition, on August 2, 2013, the Court requested additional briefing from the parties regarding the impact, if any, of the Supreme Court's decision in *University of Texas Southwestern Medical Center v. Nassar*, -- U.S. --, 133 S.Ct. 2517 (2013), on the jury verdict in this case. On August 16, 2013, Plaintiff filed his brief (Dkt. #130). On August 30, 2013,

Defendants filed their response brief (Dkt. #131).  On September 4, 2013, Plaintiff filed his reply brief (Dkt. #132).

## LEGAL STANDARD

Judgment as a matter of law is only appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a). "A jury verdict must be upheld, and judgment as a matter of law may not be granted, unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" *Fractus, S.A. v. Samsung Electronics Co., Ltd.*, 876 F. Supp. 2d 802, 813 (E.D. Tex. 2012) (citing *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995)).  The jury's verdict must be supported by "substantial evidence" in support of each element of the claims.  *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004).

"A court reviews all evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are the sole functions of the jury."  *Fractus*, 876 F. Supp. 2d at 813 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000)).  The moving party is entitled to judgment as a matter of law, "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *International Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005).

## ANALYSIS

Defendants move for judgment as a matter of law on three grounds:  (1) that Plaintiff did not have a good faith belief that he engaged in protected activity; (2) that Plaintiff's complaint did not sufficiently place Defendants on notice that he was alleging a violation of law or breach

of his statutory rights; and (3) that Defendants established a non-retaliatory reason for discharging Plaintiff (Dkt. #117 at 1).

Defendants contend that Plaintiff could not have had a good faith belief that he engaged in protected activity because Plaintiff claimed that he was entitled to overtime pay, yet he padded his timesheets to include an "obscene amount of overtime" when compared to the amount reported by other technicians employed by Defendants.

Plaintiff need not prove that an actual violation of the FLSA occurred, but only that he had a good faith belief that the FLSA might be violated. *Haynes v. Crescent Real Estate Equities, LLC*, No. H-11-2201, 2012 WL 2574749, at *5-6 (S.D. Tex. July 2, 2012); *Sapperstein v. Hager*, 188 F.3d 852, 857 (7th Cir. 1999). The Fifth Circuit has not yet decided whether a good faith belief is required for an FLSA complaint. *See Haynes*, 2012 WL 2574749, at *5. However, at trial, Plaintiff presented evidence from which a reasonable jury could have concluded that Plaintiff had a good faith belief that the FLSA was violated. First, Plaintiff testified that he was aware that there were federal laws that applied to overtime, and that he thought TSP's overtime policy was illegal. Plaintiff also testified that he thought TSP was required to pay him for his driving time because he drove a company truck and carried company equipment with him to remote job sites, which were often overnights calls. Further, TSP had previously paid him overtime for this drive time and was still paying him at his regular rate for the driving time, lending further credence to Plaintiff's assumption that TSP was required to pay him overtime for this amount. Plaintiff also testified that he consulted an attorney about the legality of the policy, and returned the signed notice to TSP with the words "agreed to its contents" struck out. This evidence is sufficient for a reasonable jury to determine that Plaintiff had a good faith belief that TSP's overtime policy violated the FLSA.

Defendants argue that Plaintiff could not have had a good faith belief because he padded his timesheets and misused the company credit card. This argument has no bearing on the question of whether Plaintiff had a good faith belief that his rights under the FLSA were violated. However, Plaintiff testified at trial that his use of the company credit card comported with what he believed he was entitled to do, and he reported his time in the same way that everyone else reported their time. Plaintiff testified that no one at TSP ever talked to him about his timesheets or his credit card use, and that he believed he was doing what he was supposed to do. This evidence is sufficient for a reasonable jury to conclude that Plaintiff had a good faith belief that his rights under the FLSA were violated.

Defendants next contend that Plaintiff did not sufficiently place Defendants on notice that he was alleging a violation of law or breach of his statutory rights. Defendants characterize Plaintiff's complaints as "abstract grumblings" about the overtime policy, and Defendants argue that this is neither clear enough, nor detailed enough to satisfy Plaintiff's burden. The Supreme Court states that "a complaint is 'filed' when 'a reasonable, objective person would have understood the employee' to have 'put the employer on notice that [the] employee is asserting statutory rights under the [Act]." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1335 (2011). "[T]he employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation." *Id*. at 1334. "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id*. at 1335. This can be met by oral complaints as well as written ones. *Id*.

At trial, evidence was presented that TSP inquired about the legality of its new policy at a business seminar. TSP was aware that Plaintiff refused to sign the policy notice, when all other employees had done so. When Plaintiff did sign his policy notice, he returned it to TSP with the words "agreed to its contents" crossed out. On October 4, 2011, Plaintiff told Donna Lear that he disagreed with the policy because it wrongly and unfairly deprived him of overtime pay. She defended the policy by stating that TSP was not legally required to pay overtime for driving time. She also reiterated that TSP's practice of deducting one hour for every eight hours worked was required by law. The testimony revealed that Plaintiff consulted with a lawyer about the legality of the policy. The evidence also showed that the day Plaintiff was fired, Donna Lear told Plaintiff that she knew he was discontent with the new policy and that she had heard he was going to sue the company. She stated that TSP had consulted its lawyers about the policy, and that she believed that TSP was not obligated to pay overtime for driving time. This is sufficient evidence for a reasonable jury to conclude that Plaintiff made a complaint sufficient to put Defendants on notice that Plaintiff was asserting his statutory rights.

Defendants also argue that no reasonable jury could conclude that Defendants failed to propound a non-retaliatory reason for Plaintiff's discharge. Defendants contend that the Lears set forth many non-retaliatory reasons for Plaintiff's discharge, including excess time submitted for repairs done on the truck, credit card misuse, and padding his timesheets. However, at this stage of the proceedings, this argument is inapplicable. After a full trial on the merits, the Court must look only at whether a plaintiff presented sufficient evidence to allow a jury to arrive at a verdict, and must not consider the *prima facie* case. *Palasota v. Haggar Clothing Co*., 342 F.3d 569, 574 (5th Cir. 2003); *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 575 (5th Cir. 2004). For this reason, Defendants' argument fails.

Further, as Plaintiff points out, Plaintiff presented evidence sufficient for the jury to conclude that Defendants' reasons for Plaintiff's discharge were pretext. Defendants did present evidence that they fired Plaintiff for a variety of reasons. However, Plaintiff also offered evidence that Defendants' explanations were false. For example, Defendant contends that Plaintiff reported excessive time for truck repairs and estimates. However, Plaintiff also testified that TSP told him to get the estimates and repairs done, and that he accurately reported the time. He testified that he was only paid for part of the time, and that he was never counseled about the time he reported for the repairs and estimates and was not told this was a reason for his firing. Further, Plaintiff presented additional evidence from which the jury could have concluded that TSP had retaliatory intent to discharge Plaintiff. Plaintiff testified that when he was fired on October 20, 2011, that Donna Lear told him that she was aware that he was discontent with the overtime policy and that she heard he was planning to sue the company. Donna Lear further told Defendant that TSP had already consulted with their lawyers about the legality of the overtime policy. In addition, Plaintiff was an at-will employee and could be discharged at any time for any reason. In spite of all the problems Defendants stated they were having with Plaintiff, they did not fire him until after he complained about the overtime policy. Plaintiff testified that less than 24 hours before he was fired, he discussed with his coworkers his opposition to the overtime policy and disclosed the fact that he talked to a lawyer. This evidence is also sufficient for a jury to conclude that Defendants fired Plaintiff in retaliation for his engaging in FLSA protected activity.

Therefore, the Court finds that Defendants' motion for judgment as a matter of law is denied.

The Court also requested briefing by the parties to address the impact, if any, of the United States Supreme Court decision in *University of Texas Southwestern Medical Center v. Nassar*, -- U.S. --, 133 S.Ct. 2517 (2013), on the jury verdict rendered in this case. Plaintiff was ordered to file his brief first, in which he argued that the *Nassar* decision confirmed the causation standard for Title VII retaliation cases, and did not impact the standard in FLSA retaliation cases. Plaintiff contends that the standard in FLSA retaliation cases has always been a "but-for" causation standard. Plaintiff also argues that Defendants have not challenged the "sufficiency of the evidence to support the jury's ultimate finding of retaliation," and Plaintiff contends that any challenge to the ultimate finding of the jury has been waived.

Defendants argue that *Nassar* did alter the standards related to FLSA cases, because Title VII and FLSA retaliation cases have often been held to have the same standards. Defendants also assert that the Court's charge is erroneous in light of the new standard, and that a new trial should be granted for this reason. Defendants contend that they have not waived any argument related to the charge, because they did not have to object prior to the reading of the charge to the jury, and the deadline for Defendants to file their motion for new trial has not yet expired.

In his reply brief, Plaintiff asserts again that *Nassar* did not change the standard in FLSA retaliation cases, and that the Court properly instructed the jury. Further, Plaintiff contends that Defendants waived any objection to the charge by not objecting at the time of the charge conference.

In *Nassar*, the Supreme Court addressed the standard of causation under Title VII's retaliation provision. *Id.* The Fifth Circuit, in reviewing the sufficiency of the evidence to support the jury's finding of retaliation, required only a showing that retaliation was a "motivating factor" for the adverse employment action. The Supreme Court held that this was

error, and that Title VII retaliation claims must be analyzed under the same "but-for" causation standard that applies in other employment discrimination statutes outside of Title VII. *Id.*

The language of Title VII's retaliation provision makes it unlawful for an employer to take adverse employment action against an employee "because of" certain protected activity. *Nassar*, 133 S.Ct. at 2528 (citing 42 U.S.C. § 2000e-3(a)). The Supreme Court noted that "the ordinary meaning of the term 'because of' is 'by reason of' or 'on account of.'" *Nassar*, 133 S.Ct. at 2527 (quoting *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009)). "Thus, the requirement that an employer took adverse action 'because of' age [meant] that age was the 'reason' that the employer decided to act, or, in other words, that age was the 'but-for' cause of the employer's adverse decision." *Id.* (quoting *Gross*, 557 U.S. at 176 (internal quotation marks omitted)). Accordingly, the Supreme Court held that "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Nassar*, 133 S.Ct. at 2528.

Plaintiff contends that the Supreme Court's decision in *Nassar* did not alter the law as to FLSA retaliation claims. The Court agrees. First, in *Nassar*, the Supreme Court was addressing specifically Title VII, and did not interpret any other statutes. While the Court agrees with Defendants that there are similarities in how courts have treated retaliation provisions in Title VII and FLSA cases, the law in the Fifth Circuit is well-settled. The Fifth Circuit has "repeatedly stated that in retaliation cases the employee must prove that the adverse employment action would not have occurred 'but-for' plaintiff's protected activity." *Kanida,* 363 F.3d at 580 (2004); *see also Vallejo v. North East Indep. Sch. Dist.*, No. SA-12-CA-270-XR, 2013 WL 3050484, at *7 (W.D. Tex. June 17, 2013); *Hightower v. San Augustine County*, No. 9:06-CV-170, 2007 WL 1888188, at *3 (E.D. Tex. June 28, 2007). This is consistent with the Supreme

Court's holding in *Nassar*, and, thus, the standard for FLSA retaliation cases was not altered by the *Nassar* decision.

Defendants also argue that the Court's charge gave an erroneous instruction to the jury. Plaintiff argues that Defendants cannot challenge the Court's charge, since Defendants did not object to the instruction. Federal Rule of Civil Procedure 51(c) requires a party to make a specific and timely objection to the instruction or failure to give an instruction. Where a specific and timely objection is made, it is reviewed "under an abuse of discretion standard, affording the trial court substantial latitude in describing the law to the jurors." *Jimenez v. Wood County, Tex.*, 660 F.3d 841, 844-45 (5th Cir. 2011). "Where a proper objection is not made, however, our review of a jury instruction challenge is limited to review for plain error." *Id*. at 845 (citing Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.")). The appellate court may correct an unpreserved error "only if it is plain, affects substantial rights, and 'seriously affects that fairness, integrity, or public reputation of judicial proceedings.'" *Jimenez*, 660 F.3d at 845 (citing *United States v. Mondrago-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009)). "If the unpreserved error does not meet this demanding standard, we have no authority to correct it. *Id*. (citing *United States v. Olano*, 507 U.S. 725, 740 (1993)).

Defendants did not object to the Court's FLSA retaliation instructions. Therefore, it will be reviewed for plain error. Defendants contend that they submitted an alternate proposed charge that was rejected by the Court, and that their position was made clear to the Court. Thus, Defendants contend that their failure to object may be disregarded for these reasons. However, the Fifth Circuit rejected the argument that a party need not make a formal objection where it has already made its position clear to the Court. *See Jimenez*, 660 F.3d at 846 n.7 (stating that this

exception is no longer viable in light of the 2003 amendments to Rule 51, which expressly dictates the proper timing of objections.).  Further, "a party… may not satisfy Rule 51's requirements by merely submitting a proposed instruction that differs from that ultimately given."  *Hartsell v. Dr. Pepper Bottling Co. of Texas*, 207 F.3d 269, 273 (5th Cir. 2000).  Thus, the Court's instruction will be reviewed for plain error.

The Court will now look to its jury charge to determine whether the instructions given were erroneous.  The Court instructed the jury, in relevant part:

> Plaintiff must also prove by a preponderance of the evidence that there is a causal link between the protected activity and the adverse action.  In other words, Plaintiff must prove that TSP's decision to discharge him was based in part on knowledge of Plaintiff's protected activity.  Plaintiff does not have to prove that unlawful retaliation was the sole reason TSP discharged Plaintiff.  If you disbelieve the reasons that TSP gave for its decision to discharge Plaintiff, you are permitted, but need not, infer that TSP discharged Plaintiff because he engaged in protected activity.

(Dkt. #110 at 8).  The Court describes the causation standard in the second sentence as "based in part on," and describes it again as "because" in the last sentence.  The phrase "based in part on" has been held to describe a "but-for" causation connection, which is consistent with both FLSA retaliation case law in the Fifth Circuit, as well as the Supreme Court's decision in *Nassar*.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 63-64 (2007).  In *Safeco*, the Supreme Court interpreted the phrase "based in whole or in part on," and determined that "the phrase 'based on' indicates a but-for causal relationship and thus a necessary logical condition."  *Id*. at 63.  The Supreme Court noted that the phrase "based on" had the same meaning as "because of."  *Id*. at 63-64 and n.14.  In *Nassar*, the Supreme Court relied on and cited Safeco for the proposition that "'because of' means 'based on' and that 'based on' indicates a but-for causal relationship." *Nassar*, 133 S.Ct. at 2527 (quoting *Safeco*, 551 U.S. at 63-64 and n. 14).  Therefore, the Court's instruction is consistent with current Fifth Circuit case law indicating that the proper standard is

but-for causation, and the language "based on" and "because of" both indicate the but-for causation standard. In addition, the Court's instruction is consistent with the Supreme Court's holding in *Nassar*.

Defendants also argue that the Court's instruction that "Plaintiff does not have to prove that unlawful retaliation was the sole reason TSP discharged Plaintiff" is contrary to *Nassar*. However, Nassar did not hold that "but-for" causation requires that a plaintiff prove that retaliation was the sole reason for the adverse action, and Defendants cite no case law indicating that "but-for" causation means "sole reason." In fact, the Fifth Circuit has held that but-for causation does not require sole causation. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 777 (5th Cir. 2009) (holding in Title VII retaliation case that "but-for' cause is simply not synonymous with 'sole cause'"); *see also Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010) (holding in ADEA case after *Gross* that "but-for" does not require sole causation); *compare Smith v. Diasorin*, No. 4:12-CV-102-A, 2012 WL 6592922, at *3 (N.D. Tex. Dec. 17, 2012) (holding in *Sabine Pilot* case under Texas common law – which does require sole cause – that "plaintiff must show more than 'but-for' causation; he must show that the 'sole reason' he was fired was because of his refusal to commit an illegal act."). Thus, the Court's instruction to the jury was not erroneous, and was consistent with both Fifth Circuit FLSA retaliation case law and the Supreme Court's decision in *Nassar*. For these reasons, the Court finds that its charge was not error, and that no new trial will be granted on this ground.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Re-Urged Motion for Judgment as a Matter of Law (Dkt. #117) is **DENIED**. The Court further finds that its

instructions to the jury were not erroneous. Thus, the Court will not grant a motion for new trial on this basis.

**IT IS SO ORDERED**.

**SIGNED this 23rd day of October, 2013.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE