# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-717 |
| | § | |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, et. al. | § | |

## MEMORANDUM OPINION

Plaintiff filed suit under the Fair Labor Standards Act ("FLSA") alleging, among other things, that he was discharge in retaliation for his complaints about his employer's overtime policy. Beginning on April 29, 2013, the Court held a jury trial on this claim. On May 2, 2013, the jury returned a verdict finding that Defendant Technical Specialty Products, LLC ("TSP") fired Plaintiff in violation of the FLSA and awarded Plaintiff $105,366.25 in back pay (Dkt. #113). The Court requested briefing on the remaining issues of liquidated damages and front pay (Dkt. #115).

On May 17, 2013, Plaintiff filed his Trial Brief on Liquidated Damages and Front Pay (Dkt. #116). On May 28, 2013, Defendants filed their Brief in Opposition to the Award of Liquidated Damages and Front Pay (Dkt. #118).

*A. Liquidated Damages*

29 U.S.C. § 216(b) states in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title [minimum wage or overtime provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title [retaliation provision] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement,

promotion, and the payment of wages lost and an additional amount as liquidated damages.

Plaintiff contends that an award of liquidated damages is mandatory in retaliation cases under Section 215(a)(3). Plaintiff argues that the Fifth Circuit has repeatedly held that liquidated damages are mandatory, and must be awarded in the amount of back pay and retaliation damages. In addition, Plaintiff asserts that Defendants failed to plead or prove any defense to liquidated damages. Thus, Plaintiff contends that an additional amount of $105,366.25 is appropriate to award Plaintiff for liquidated damages.

Defendants contend that an award of liquidated damages in cases where the jury finds the employer retaliated against the employee under Section 215(a)(3) is not mandatory at all, but rather, in the discretion of the Court to enter judgment "for such legal and equitable relief as may be appropriate." 29 U.S.C. § 216(b). Defendants argue that an award of liquidated damages is not appropriate in this case to effectuate the purposes of Section 215(a)(3), because (1) the FLSA is not intended to provide an employee with a windfall, (2) Plaintiff did not in good faith believe that he engaged in protected activity. Defendants further argue that Plaintiff should not receive an equal amount to the back pay awarded by the jury because Plaintiff cannot show that his wages were earned, but unpaid. Defendants also contend that they sufficiently pleaded and proved a good faith defense to an award of liquidated damages.

Turning first to the plain language of the statute itself, the first sentence applies only to violations of the minimum wage and overtime provisions of the FLSA. The first sentence mandates that for violations of these provisions, the employer "*shall* be liable…in the amount of… unpaid minimum wages, or … unpaid overtime compensation… *and in an additional equal amount as liquidated damages*." (emphasis added). There is nothing left to the discretion of the trial judge.

The second sentence applies only to violations of the retaliation provisions of the FLSA, section 215(a)(3), and provides that an employer "*shall* be liable for such legal or equitable relief *as may be appropriate to effectuate the purposes of section 215(a)(3) of this title*, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." (emphasis added). It is clear from the plain language of the statute that in retaliation cases there are more types of relief available to an employee who has been retaliated against for participating in a protected activity; however, it is equally as clear that this relief is discretionary, requiring a finding that any relief is appropriate to effectuate the purposes of the retaliation section of the law. To find liquidated damages mandatory, the Court would also have to find reinstatement, promotion, or front pay mandatory. There is no support for this interpretation of the statute.

Other courts considering this issue have also found that an award of liquidated damages in retaliation cases is not mandatory, but rather discretionary. *See Moore v. Appliance Direct, Inc.*, 708 F.3d 1233 (11th Cir. 2013); *Braswell v. City of El Dorado*, 187 F.3d 954 (8th Cir. 1999); *Blanton v. City of Murfreesboro*, 856 F.2d 731 (6th Cir. 1988); *York v. City of Wichita Falls, Texas*, 763 F. Supp. 876 (N.D. Tex. 1990). Plaintiff relies on *Lowe v. Southmark Corp.*, 998 F.2d 335, 337-38 (5th Cir. 1993), for the proposition that liquidated damages are mandatory in retaliation cases, and that an award of liquidated damages must be awarded in equal amount of actual damages in the Fifth Circuit. However, in *Lowe*, the Fifth Circuit did not analyze the FLSA provision regarding damages, it simply noted in dicta that the jury awarded damages arising out of unpaid minimum wages or unpaid overtime compensation. In *Lowe*, an award of liquidated damages for a violation a violation of the minimum wage or overtime compensation provisions was then mandatory. The Fifth Circuit also noted that the jury found a violation of

the Equal Pay Act, as well as Section 215(a)(3) of the FLSA. For this reason, the Court finds this Fifth Circuit decision does not pertain to this issue, and is not persuasive to the Court's analysis. See also *Moore,* 708 F.3d at 1238-40 (finding *Lowe* unpersuasive on this issue due to its generalized holding and failure to analyze the language of the damages statute). Therefore, the Court finds that an award of liquidated damages in retaliation cases is only appropriate when it may be appropriate to effectuate the purposes of Section 215(a)(3).

The Court will now turn to whether an award of liquidated damages is appropriate in this case. 29 U.S.C. § 260 states that in any action to recover liquidated damages:

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA}, the court may, in its sound discretion award no liquidated damages or award any amount thereof.

Plaintiff contends that Defendants did not plead a good faith defense to retaliation in their Answer or in the Joint Final Pretrial Order. However, the Court finds that in the Joint Final Pretrial Order, Defendants assert that one of the contested issues of law and fact include "[w]hether TSP's good faith reliance precludes Plaintiff's claim for liquidated damages, including attorneys' fees, as a matter of law" (Dkt. #98 at 8). The Court finds that this is sufficient.

In order to show Defendants acted in good faith, Defendants must demonstrate an honest intention to ascertain what the FLSA requires and to act in accordance with it, which is a subjective inquiry. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 464 (D.C. Cir. 1976)[1]; *York v. City of Wichita Falls*, 763 F. Supp. 876, 880-81 (N.D. Tex. 1990). The second prong requires that the employer's belief that the offending act complied with the FLSA's requirements be objectively reasonable. *Laffey*, 567 F.2d at 464; *York*, 763 F. Supp. at 880.

---

[1] The Fifth Circuit cited *Laffey* with approval in *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).

At trial, Defendants presented evidence that Keith Lear, Owner and CEO of TSP, consulted with an attorney via an internet seminar prior to changing their overtime pay practices. However, this is irrelevant to the issue of whether Defendants acted in good faith when, as the jury found, they fired Plaintiff in retaliation for complaining about the new overtime policy. Defendants now contend that they acted in good faith because they believed that Plaintiff never engaged in a protected activity under the FLSA. Defendants now argue, as they also did at the time of trial, that Plaintiff padded his timesheets, exaggerated his hours, and that he was fired for these reasons. Defendants contend that Plaintiff exaggerated his time worked on his timesheets, Defendants were aware of the inaccuracies, and Defendants terminated him for this reason. However, the jury in this case found that Defendants intentionally terminated Plaintiff in retaliation for his complaints about the overtime policy. There is no indication that Defendants consulted an attorney or did any research whatsoever into what the FLSA requires as far as terminating an employee. Further, there is no evidence that the Defendants' act of termination was reasonable under the circumstances. For these reasons, the Court finds that Defendants' good faith defense fails as a matter of law.

The Court finds that an award of liquidated damages in the amount of $105,366.25 is appropriate to effectuate the purposes of Section 215(a)(3). The purpose of Section 215(a)(3) "is not merely to vindicate the rights of complaining parties, but to foster an environment in which employees are unfettered in their decision to voice grievances without 'fear of economic retaliation' or reprisal." *Saffels v. Rice*, 40 F.3d 1546, 1549 (8th Cir. 1994); *see also Mitchell v. DeMario Jewelry*, 361 U.S. 288, 292 (1960); *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 145 (1977). As stated above, the jury found that Plaintiff was terminated in retaliation for his complaints regarding the new overtime policy implemented by Defendants. At trial, evidence

was presented that Plaintiff consistently opposed the policy, and made his complaints known to Defendants on several occasions. Plaintiff was the only employee who complained about the overtime policy. Although Defendants contend that Plaintiff padded his timesheets, and that was the reason for his termination, there was evidence that Defendants knew for several months that Plaintiff was padding his timesheets and Defendants did nothing to remedy the situation. Defendants did not fire him when they first discovered evidence of Plaintiff padding his timesheets. Therefore, for these reasons, the Court finds that an award of liquidated damages in the amount of $105,366.25 is appropriate to effectuate the purposes of Section 215(a)(3) to not only vindicated Plaintiff's rights, but also to encourage an environment where employees may voice grievances without fear of economic retaliation.

## B. Front Pay

Future wages, or front pay, are recoverable as an alternative to reinstatement where reinstatement is not feasible. *Palasota v. Haggar Clothing Co*., 499 F.3d 474, 489 (5th Cir. 2007). "Reinstatement is a preferable remedy to front pay; however, where reinstatement is not feasible, the Court may consider front pay as an alternative." *Junaid v. McHugh*, No. 2:11-CV-00226, 2013 WL 321567, at *1 (S.D. Tex. January 28, 2013) (citing *Julian v. City of Houston*, 314 F.3d 721, 728 (5th Cir. 2008)). Reinstatement is not feasible in this case due to the high level of animosity between the parties in this case. Defendants testified that they would not rehire Plaintiff because he was untrustworthy, padded his timesheets, was difficult to work with, and often displayed a bad attitude. *See, e.g., Junaid*, 2013 WL 321567, at *1 (collecting cases which demonstrate that reinstatement is not feasible when there is hostility between the parties).

"In calculating an appropriate award of front pay, the Court must engage in 'intelligent guesswork' due to the fact such damages are awarded prospectively." *Id*. (citing *Sellers v.*

*Delgado College*, 781 F.2d 503, 505 (5th Cir. 1986) ("we recognize its speculative character by according wide latitude in its determination to the district courts."). The Fifth Circuit has set forth several non-exclusive factors that the Court may consider in making this determination, including the length of Plaintiff's employment with Defendant, the permanency of the position Plaintiff held, the nature of Plaintiff's work, Plaintiff's age and physical condition, the possibility of the consolidation of jobs, and any other non-discriminatory factors that could have impacted the employment relationship. *Reneau v. Wayne Griffin & Sons, Inc*., 945 F.2d 869, 870 (5th Cir. 1991).

Plaintiff was employed at Defendant TSP for approximately 6 months. This is a substantially shorter period of time than in other cases where courts have awarded substantial front pay. *See, e.g. Tyler v. Bethlehem Steel Corp*., 958 F.2d 1176 (2d Cir. 1992) (26 years); *Cummings v. Standard Register Co*., 265 F.3d 56 (1st Cir. 2001) (17 years). This is not an extended period of employment, and thus cannot demonstrate security or permanency of the position held by Plaintiff. There is no evidence that Plaintiff's position was secure. In fact, there is substantial evidence indicating that Plaintiff's position was not secure, considering the evidence presented by Defendants that Plaintiff was having significant problems at Defendant TSP. For example, there was evidence that Plaintiff failed to arrive at worksites on time, padded his timesheets, obtained an "obscene" amount of overtime, failed to get his GPS fixed in a timely fashion after multiple reminders, submitted receipts with amounts that were not approved for reimbursement or that did not clearly indicate that it was an approved amount, and overall not getting along well with some of the employees. This indicates that Plaintiff's position was not secure or permanent.

At the time of trial, Plaintiff was thirty-one (31) years old. Plaintiff asserted that he planned to continue to work at TSP for a long time. "A court cannot, however, base an award of front pay solely on a subjective statement of intent." *Junaid*, 2013 WL 321567, at *2 (citation omitted). Given Plaintiff's young age, and the significant problems he was having with the owners at TSP, the Court finds it is not likely that Plaintiff would have remained at TSP for a long career.

"The Court must also consider whether Plaintiff was diligent in seeking other employment after his termination, as an award of front pay may be wholly denied or appropriately reduced where a plaintiff fails to take reasonable steps to mitigate his damages and find substantially equivalent employment." *Id.* at *3 (citing *Vaughn v. Sabine County*, 104 F. App'x 980, 986 (5th Cir. 2004) ("a plaintiff must use reasonable diligence to find substantially equivalent employment to justify awarding front pay")).

> [F]ront pay awards… must be reduced by the amount plaintiff could earn using reasonable mitigation efforts…[T]he plaintiff's duty to mitigate must serve as a control on front pay damage awards… Thus, front pay is intended to be temporary in nature. An award of front pay does not contemplate that a plaintiff will sit idly by and be compensated for doing nothing.

*Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987) (internal quotations and citations omitted).

Plaintiff testified that after a diligent 10-month job search, he enrolled in school to enhance his job prospects and remains enrolled there. Plaintiff is an individual with two professional degrees, and currently attending Southern Methodist University to obtain his master's degree. At trial, Plaintiff testified that he engaged in a diligent 10-month job search. However, he was unable to indicate any specific positions for which he applied. Instead, he testified that he searched for jobs on various websites, such as www.monster.com, and found

nothing. Plaintiff was not required to seek out and accept just any job. *Junaid*, 2013 WL 321567, at *4. "As a professional, Plaintiff was entitled to limit his search to substantially equivalent positions that shared such characteristics with his former position as salary, promotional opportunity, responsibilities, and status." *Id*. (citation omitted). However, there is no evidence before the Court that Plaintiff did any of these things. There is simply no evidence that he applied for any jobs, or diligently attempted to obtain employment. Given this fact, as well as the short employment Plaintiff had with Defendant and the relative impermanence of his position there, the Court finds that an award of front pay is unreasonable under the circumstances. Therefore, the Court declines to award front pay.

## CONCLUSION

Based on the foregoing, the Court finds that an award of liquidated damages in the amount of $105,366.25 is appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3). The Court also finds that an award of front pay is unreasonable under the facts of this case, and declines to award front pay.

**SIGNED this 23rd day of October, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE