# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-717 |
| | § | |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, et. al. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL

Pending before the Court is Defendants' Motion for New Trial (Dkt. #140). After reviewing the motion, the response (Dkt. #142), and the relevant pleadings, the Court finds Defendants' motion is denied.

## BACKGROUND

This is a suit for employment retaliation under the Fair Labor Standards Act ("FLSA"), in which the jury found Defendant Technical Specialty Products, LLC ("TSP") fired Plaintiff in violation of the FLSA and awarded him $105,366.25 in back pay (Dkt. #113). The jury also found Defendants Keith Lear and Donna Lear individually liable as "employers" under the FLSA. *Id*. Subsequently, the Court denied Defendants' Reurged Motion for Judgment as a Matter of Law and ruled on the remaining issues of liquidated damages and front pay (Dkt. #134, #135). On October 23, 2013, the Court entered Final Judgment against all Defendants in the amount of $210,732.50, consisting of $105,366.25 in back pay and an additional sum of $105,366.25 in liquidated damages (Dkt. #136). The Court further ordered that all costs are to be paid by Defendants. *Id*.

On November 19, 2013, Defendants filed their appeal in the Fifth Circuit Court of Appeals (Dkt. #139). As of December 30, 2013, that appeal was dismissed for want of prosecution (Dkt. #144).

On November 20, 2013, Defendants filed their motion for new trial (Dkt. #140). On December 4, 2013, Plaintiff filed his response (Dkt. #142).

## LEGAL STANDARD

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party to a jury trial on any or all issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence – or any other error by the court or a party – is grounds for granting a new trial… At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61.

To be entitled to a new trial, Plaintiff must show that the verdict was against the great weight of the evidence, not merely against the preponderance of the evidence. *Taylor v. Seton Healthcare*, No. A-10-CV-650 AWA, 2012 WL 2396880, at *2 (W.D. Tex. June 22, 2012) (citing *Dresser–Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831, 838–39 (5th Cir. 2004); *Shows v. Jamison Bedding, Inc.,* 671 F.2d 927, 930 (5th Cir. 1982)). A jury verdict is entitled to great deference. *Dresser–Rand Co.,* 671 F.2d at 839. "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the

witnesses, are the province of the jury, and its decision must be accepted if the record contains any competent and substantial evidence tending fairly to support the verdict." *Gibraltar Savings v. LDBrinkman Corp.,* 860 F.2d 1275, 1297 (5th Cir.1988).

**ANALYSIS**

Defendants first move for new trial on the grounds that the Court failed to instruct the jury on Defendants' failure to mitigate affirmative defense. At trial, Defendants asserted that Plaintiff failed to mitigate his damages by not pursuing other suitable employment after his termination. Defendants requested that an instruction on mitigation of damages be submitted to the jury. At the close of the evidence, Plaintiff moved for judgment as a matter of law on Defendants' failure to mitigate defense. The Court granted the motion and removed the mitigation instruction from the jury instructions prior to charging the jury. Defendants now move for new trial on the basis that the Court failed to instruct the jury on the issue of mitigation.[1]

In *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972), the Fifth Circuit reversed the district court's decision denying the plaintiff back pay solely because it found that he did not make a diligent effort to secure other employment. Specifically, the Fifth Circuit found that this finding alone was insufficient to deny a plaintiff back pay:

> On this appeal, the appellees do not claim that at trial it was proved that there were teaching jobs available for which Mr. Bozeman would have qualified had he applied. It merely asserts that Mr. Bozeman did not expend sufficient effort to find other teaching employment. The appellees' position is without legal justification.

---

[1] Plaintiff contends that Defendants are essentially moving for reconsideration of the Court's decision to grant Plaintiff's motion for judgment as a matter of law on the issue of mitigation of damages. However, the Court does not interpret Defendants' motion in that manner. The Court issued two rulings at that time: one granting Plaintiff's motion for judgment as a matter of law, and one removing the mitigation of damages instruction in the jury instructions over the objection of Defendants. The Court noted several times during the proceedings that Defendants were properly preserving their error on mitigation of damages for appeal purposes. Thus, the Court interprets Defendants' motion as a request for new trial on the failure to include the mitigation of damages instruction in the charge given to the jury.

3

*Id*. The *Sparks* court held that an employer "has to show not only that the plaintiff-appellant failed to use reasonable care and diligence, but that there were jobs available which appellant could have discovered and for which she was qualified." *Id*. Thus, as Plaintiff argues, the Fifth Circuit established a two-part evidentiary burden: (1) that the plaintiff failed to exercise reasonable diligence and (2) that there were jobs available that the plaintiff could have discovered and for which he was qualified. *Id*. Failure to mitigate is an affirmative defense and Defendants had the burden of proof on this issue. *Palasota v. Haggar Clothing, Co.,* 499 F.3d 474, 486 (5th Cir. 2007); *Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1045 (5th Cir. 1998).

Defendants urge the Court to reject *Sparks* and to follow language contained in a later Fifth Circuit panel decision, which states: "If an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not have to establish the availability of substantially comparable work." *Sellers v. Delgado Community College*, 839 F.2d 1132, 1139 (5th Cir. 1988). However, as the Court stated at trial, the *Sellers* panel failed to cite *Sparks* or any other Fifth Circuit precedent for this opinion. Importantly, *Sparks* predates *Sellers* and *Sparks* has not been overruled by the *en banc* Fifth Circuit; thus, *Sparks* is the controlling precedent that is binding on this Court. *See Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 574 (5th Cir. 2004); *United States v. Dial*, 542 F.3d 1059, 1060 (5th Cir. 2008). Other district courts also considering this issue have refused to apply the language in *Sellers* and instead have held that a defendant must meet the two-part *Sparks* test. *See Paulissen v. MEI Technologies, Inc.*, 942 F. Supp. 2d 658, 677 (S.D. Tex. 2013); *Starr v. Oceaneering Int'l*, No. 4:09-cv-0204, 2010 WL 644445, at *12 n.8 (S.D. Tex. Feb. 18, 2010); *Miles-Hickman v. David Powers Homes, Inc*., 613 F. Supp. 2d 872, 887 n.22 (S.D. Tex. 2009); *Huffman v. City of Conroe*, No. H-07-1964, 2009 WL 361413, at *13 n.37 (S.D. Tex. Feb. 11, 2009). This Court

agrees with the rationale set forth in these cases. Until the decision in *Sparks* is overruled by the Fifth Circuit *en banc*, this Court is bound to apply the two-part test articulated by the Fifth Circuit in *Sparks*.

Defendants argue that the Fifth Circuit's opinion in *NLRB v. Armstrong Tire & Rubber Co.*, 263 F.2d 680, 683 (5th Cir. 1956), is contrary to and predates *Sparks*. However, the issue before the Fifth Circuit in *Armstrong Tire* was not the second prong of the *Sparks* test that is at issue here. *Id*. In *Armstrong Tire*, the Fifth Circuit held that an employee's self-employment was not sufficient bona-fide to satisfy his duty to mitigate, and the Fifth Circuit reiterated that a discharged employee must exercise reasonable diligence to seek other employment. *Id*. at 682-84. The Fifth Circuit did not hold that an employer need not prove the availability of equivalent employment because it had no need to reach that issue in its decision.

Defendants also cite *Hansard v. Pepsi-Cola Metro, Bottling Co.*, 865 F.2d 1461, 1468 (5th Cir. 1989). However, like *Sellers*, that decision is also post-*Sparks* and could not overrule the earlier opinion in *Sparks*. In addition, this case also did not address the second prong of the *Sparks* test. Thus, Defendants' reliance on this case is misplaced.

Having determined that the two part test set out by the Fifth Circuit in *Sparks* is the controlling test, the Court must determine if Defendants met their burden to show that (1) the plaintiff failed to exercise reasonable diligence and (2) there were jobs available that the plaintiff could have discovered and for which he was qualified. Plaintiff asserted that Defendants failed to show any evidence that there were jobs available that the plaintiff could have discovered and for which he was qualified. Defendants do not dispute that they provided no such evidence. Instead, Defendants contend that the testimony of Plaintiff established that in searching for employment he sent out hundreds of resumes in response to advertisements for available jobs.

5

Defendants argue that "[i]t defies logic to believe that [Plaintiff] submitted hundreds of resumes in response to hundreds of advertisements for positions that were not available" (Dkt. #140 at 9). However, to meet their evidentiary burden, Defendants were required to present evidence that substantially equivalent employment opportunities were available, and Plaintiff did not apply for those opportunities. *See Paulissen*, 942 F. Supp. 2d at 677; *Starr,* 2010 WL 644445, at *13. The evidence at trial consisted only of Plaintiff's testimony regarding jobs that he did apply for that he did not receive. This is insufficient to support Defendants' evidentiary burden, and the Court finds that Defendants' motion for new trial is denied on this ground.

Defendants also argue that the Court improperly instructed the jury on the burden of proof in light of the Supreme Court's recent decision in *University of Texas Southwestern Medical Center v. Nassar*, -- U.S. --, 133 S.Ct. 2517 (2013). On August 2, 2013, the Court ordered the parties to submit briefing on the impact of this decision on the jury verdict rendered in this case (Dkt. #129). The parties submitted their briefs (Dkt. #130, #131, #132), and Defendants argued that the Supreme Court's decision in *Nassar* altered the burden of proof to "but-for" causation in FLSA cases. Defendants offer no new arguments, but merely re-urge those arguments presented in their prior briefs that were previously ruled on by the Court (Dkt. #134).

In its order, this Court found that *Nassar* did not alter the law as to FLSA retaliation claims because the standard in the Fifth Circuit for FLSA retaliation claims has always required "but-for" causation (Dkt. #134 at 8 (citing *Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 580-81 (5th Cir. 2004)). Second, the Court found that Defendants did not object to the Court's FLSA retaliation instructions, and, thus, the instruction would be reviewed for plain error. The Court found that its jury instructions were consistent with the "but-for" standard and

6

did not apply a lesser standard (Dkt. #134 at 9-10).  Thus, there was no plain error in the Court's jury instructions.  Finally, the Court found that its instruction that "Plaintiff does not have to prove that unlawful retaliation was the sole reason TSP discharged Plaintiff" was not error and was consistent with both *Nassar* and current Fifth Circuit law (Dkt. #134 at 11).  Defendants offer no argument or additional evidence demonstrating any reason that the Court should reconsider its prior ruling, and the Court sees no reason to do so.  Defendants' motion for new trial is denied on this ground.

Finally, Defendants contend that the jury's finding that Plaintiff's termination was retaliatory is against the weight of the evidence based on the testimony of Defendants witnesses regarding Plaintiff's poor performance and disciplinary issues.  As this Court previously noted:

> Plaintiff presented evidence sufficient for the jury to conclude that Defendants' reasons for Plaintiff's discharge were pretext.  Defendants did present evidence that they fired Plaintiff for a variety of reasons.  However, Plaintiff also offered evidence that Defendants' explanations were false.  For example, Defendant contends that Plaintiff reported excessive time for truck repairs and estimates.  However, Plaintiff also testified that TSP told him to get the estimates and repairs done, and that he accurately reported the time.  He testified that he was only paid for part of the time, and that he was never counseled about the time he reported for the repairs and estimates and was not told this was a reason for his firing.  Further, Plaintiff presented additional evidence from which the jury could have concluded that TSP had retaliatory intent to discharge Plaintiff.  Plaintiff testified that when he was fired on October 20, 2011, that Donna Lear told him that she was aware that he was discontent with the overtime policy and that she heard he was planning to sue the company.  Donna Lear further told Defendant that TSP had already consulted with their lawyers about the legality of the overtime policy.  In addition, Plaintiff was an at-will employee and could be discharged at any time for any reason.  In spite of all the problems Defendants stated they were having with Plaintiff, they did not fire him until after he complained about the overtime policy.  Plaintiff testified that less than 24 hours before he was fired, he discussed with his coworkers his opposition to the overtime policy and disclosed the fact that he talked to a lawyer.  This evidence is also sufficient for a jury to conclude that Defendants fired Plaintiff in retaliation for his engaging in FLSA protected activity.

(Dkt. #134 at 6). While Defendants' witnesses testified to a variety of problems with Plaintiff during his employment, this testimony was contradicted by Plaintiff's testimony. As the Fifth Circuit stated, "The fact that there was conflicting testimony regarding causation and damages is not grounds for granting a new trial. Where the jury could have reached a number of different conclusions, all of which would have sufficient support based on the evidence, the jury's findings will be upheld." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992) (citation omitted). Plaintiff presented evidence that Defendants' reasons for his discharge were pretextual. Plaintiff testified that when Donna Lear discharged him on October 20, 2011, she told him that she knew he was discontent with the overtime policy that she heard he was planning to sue the company. Plaintiff also testified that she said they were not intimidated by threats since they had already consulted their own lawyers about the legality of the policy. Ms. Lear's statements to Plaintiff at the time of his discharge are direct evidence of retaliatory intent, and such evidence alone is sufficient to permit the jury to find retaliatory motive. *See, e.g., Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92 (2003); *Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir. 1994); *see also Manaway v. Med. Ctr. Of SE Tex.*, 430 F. App'x 317, 324 (5th Cir. June 23, 2011). Therefore, the jury's verdict is not against the great weight of the evidence, and Defendants' motion for new trial is also denied on this ground.

## CONCLUSION

For the foregoing reasons, the Court finds Defendants' Motion for New Trial (Dkt. #140) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of March, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE