# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DALE LITTLE | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-717 |
| | § | Judge Mazzant |
| TECHNICAL SPECIALTY PRODUCTS | § | |
| LLC, et. al. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Pending before the Court is Plaintiff's Motion for Attorneys' Fees (Dkt. #137). After reviewing the motion, the response (Dkt. #141), the reply (Dkt. #143), and the relevant pleadings, the Court finds Plaintiff's motion is granted.

## BACKGROUND

This is a suit for employment retaliation under the Fair Labor Standards Act ("FLSA"), in which the jury found Defendant Technical Specialty Products, LLC ("TSP") fired Plaintiff in violation of the FLSA and awarded him $105,366.25 in back pay (Dkt. #113). The jury also found Defendants Keith Lear and Donna Lear individually liable as "employers" under the FLSA. *Id*. Subsequently, the Court denied Defendants' Reurged Motion for Judgment as a Matter of Law and ruled on the remaining issues of liquidated damages and front pay (Dkt. #134, #135). On October 23, 2013, the Court entered Final Judgment against all Defendants in the amount of $210,732.50, consisting of $105,366.25 in back pay and an additional sum of $105,366.25 in liquidated damages (Dkt. #136). The Court further ordered that all costs are to be paid by Defendants. *Id*.

On November 19, 2013, Defendants filed their appeal in the Fifth Circuit Court of Appeals (Dkt. #139). As of December 30, 2013, that appeal was dismissed for want of prosecution (Dkt. #144).

On November 5, 2013, Plaintiff filed his motion for attorneys' fees requesting fees be awarded against all Defendants (Dkt. #137). On November 26, 2013, Defendants filed their response (Dkt. #141). On December 6, 2013, Plaintiff filed his reply (Dkt. #143).

## LEGAL STANDARD

The FLSA requires a court to award a prevailing plaintiff his attorneys' fees. 29 U.S.C. § 216(b); *Black v. SettlePou, PC*, 732 F.3d 492, 502 (5th Cir. 2013). "This Court uses the 'lodestar' method to calculate attorney's fees." *Black*, 732 F.3d at 502 (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). There is a strong presumption of the reasonableness of the lodestar amount. *Perdue v. Kenny A.*, 599 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800. "However, after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*." *Id.*[1] However, many of the *Johnson* factors are subsumed within the initial calculation of hours

---

[1] The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1988).

reasonably expended at a reasonable hourly rate.[2] *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986); *Camargo v. Trammell Crow Interest Company*, 318 F. Supp. 2d 448, 450 (E.D. Tex. 2004). "The lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar." *Black*, 732 F.3d at 502 (citation omitted).

## ANALYSIS

Section 216(b) of the FLSA states: "The court in such actions shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant. 29 U.S.C. § 216(b). Thus, an award of attorneys' fees to a prevailing plaintiff is mandatory under the FLSA. *Purcell v. Seguin State Bank and Trust Co.*, 999 F.2d 950, 961 (5th Cir. 1993). A plaintiff is the prevailing party for purposes of an attorneys' fee award if he obtains at least some relief on the merits of his claim. *Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002). There is no real dispute that Plaintiff is the prevailing party. Plaintiff prevailed on his claim of retaliatory discharge under the FLSA and his claims of individual liability against Keith Lear and Donna Lear. The Court entered Final Judgment in favor of Plaintiff on the merits of his FLSA retaliation claim, awarded the total amount of $210,732.50, and ordered Defendants to pay costs (Dkt. #136). Thus, Plaintiff is the prevailing party and is entitled to recover attorneys' fees.

The first step in the lodestar analysis requires a determination of the reasonable number of hours expended by Plaintiff's counsel, as well as a reasonable hourly rate. *Black*, 732 F.3d at 502. Plaintiff seeks to recover fees for 143.33 hours expended on this litigation by Mr. Watkins

---

[2] The "novelty and complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount. *Pennsylvania*, 478 U.S. at 565.

3

at an hourly rate of $495.00, and 816.53 hours expended by Mr. Winford at an hourly rate of $325.00. In total, Plaintiff requests $336,320.60 in attorneys' fees.

Defendants assert that the lodestar fee requested by Plaintiff is not reasonable because Plaintiff fails to reduce the lodestar appropriately to account for his limited success in this litigation.[3] Defendants further contend that Plaintiff did not exercise billing judgment, and did not establish comparable hourly rates. Defendants also argue that a decrease in the lodestar figure is warranted under the facts of this case.

The Court finds that the hours incurred by Plaintiff's attorneys were reasonably necessary to complete the litigation in this case. This case involved claims for overtime compensation and retaliation under the FLSA against three defendants. This case was filed on October 31, 2011, and final judgment was entered October 23, 2013, almost two years later. While Plaintiff was ultimately unsuccessful on his claim for overtime pay, punitive and compensatory damages, and front pay, Plaintiff is still entitled to recover for those claims that are interrelated and arise from a "common core of facts" or "related legal theories". *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 & n.12 (5th Cir. 1995) ("[W]hen claims against multiple parties share a 'common core of facts' or 'related legal theories,' a fee applicant may claim all hours reasonably necessary to litigate those issues."); *Nash v. Chandler*, 848 F.2d 567, 572 (5th Cir. 1988).

In this case, Plaintiff's claims for overtime pay and retaliation arose from Defendants' change in their overtime compensation policy and Plaintiff's opposition to that policy. These

---

[3] Plaintiff asserts that Defendants' response was filed untimely, and should be stricken by the Court. Plaintiff is correct in that Defendants' response was filed untimely. *See* Eastern District of Texas Local Rule CV-7(e) ("A party opposing a motion has fourteen days from the date the motion was served in which to file a response and any supporting documents."); Local Rule CV-6 (three days added to the prescribed period). Plaintiff's motion was filed on November 5, 2013, making Defendants' response due by November 22, 2013. Defendants' response was filed on November 26, 2013. However, Defendants only missed the deadline by 4 days, and Plaintiff will not be prejudiced if the Court considers Defendants' response to the motion for attorneys' fees. Plaintiff had ample time to file a reply to Defendants' arguments. The Court will consider Defendants' response despite the fact that it was filed late.

claims were asserted against the same three defendants. At summary judgment, the Court ultimately determined that Defendants' change in their overtime policy was permissible and that Plaintiff was not entitled to any unpaid overtime compensation. The Court further determined that Plaintiff's retaliation claim required the jury to determine material fact issues. The Court finds that these claims involve a common core of facts, and that Plaintiff is entitled to claim all hours reasonably necessary to litigate both claims.[4]

Further, Plaintiff points out a number of things that increased the amount of hours expended in the litigation of this case. For example, Defendants refused to mediate, which forced the parties to trial to resolve their dispute. In addition, Defendants moved to compel arbitration of this dispute in Louisiana based on an employer handbook. This motion was ultimately denied by the Court, but it required the parties to conduct substantial research and briefing of the legal issues involved under Texas and Louisiana law. Defendants also required Plaintiff to take the depositions of TSP, Keith Lear, and Donna Lear in Baton Rouge, after having previously scheduled the depositions in Dallas. The resulting discovery dispute, along with the rescheduling of the depositions and additional travel involved increased the time required to complete depositions. Further, Defendants failed to timely produce in discovery

---

[4] This finding does not end the inquiry, and the Court will further address whether an increase or decrease in the lodestar amount is appropriate based on the degree of success obtained by Plaintiff *infra*. *See Hensley*, 461 U.S. at 435-36. The Supreme Court stated in *Hensley*:
> There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'...
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith... Again, the most critical factor is the degree of success obtained.

*Id*.

"comparator" employee documents that were requested and that were ordered produced by the Court. Even after the Court ordered their production, Defendants failed to produce these records until after the period for discovery closed, and then sought to use these records at trial. Plaintiff was required to oppose this effort. For these additional reasons, the Court finds that the hours incurred by Plaintiff's attorneys were reasonably necessary to complete the litigation in this case.

A plaintiff seeking attorneys' fees must also demonstrate that he exercised billing judgment. *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Id*. "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Id*.

Defendants assert that Plaintiff has not demonstrated billing judgment because Plaintiff only reduced the hours billed for Mr. Watkins and Mr. Winford by a small amount due for hours considered to be "unproductive, excessive, or redundant." Defendants also contend that some of the tasks for which Plaintiff's counsel billed appear to be tasks more suited for a paralegal or legal secretary, such as calendaring deadlines.

The Court finds that Plaintiff has demonstrated billing judgment. First, Plaintiff's attorneys documented their hours charged using contemporaneously created time entries that indicate, for each attorney, the hours incurred on each date and the nature of the work done on that date in some detail. Second, Plaintiff's attorneys voluntarily reduced their hours billed for time considered to be unproductive, excessive, or redundant. Mr. Watkins reduced his original hours billed by 16.75 hours, and Mr. Winford reduced his original hours billed by 1.5, for time considered to be unproductive, excessive, or redundant. In addition, Mr. Watkins "no-charged,"

or recorded no hours at all, on at least five dates. Third, Plaintiff's attorneys voluntarily reduced their hours billed for travel time by 50%; therefore, Mr. Winford's travel time was reduced to 8 hours instead of 16 hours. Fourth, Plaintiff's attorneys voluntarily reduced by 10% their overall hours billed, after making the above-mentioned reductions, due to the unsuccessful claim for overtime compensation. Overall, Plaintiff's attorneys reduced their time by 132.89 hours, or over 12% from the original hours billed. Further, the Court reviewed the time expended on this case by Plaintiff's attorneys and did not see any instances of unproductive, excessive, or redundant time entries. The administrative tasks billed by Plaintiff's counsel do include entries for calendaring of deadlines, and other administrative tasks. However, also in the same time entries are substantive legal tasks like drafting motions, legal research, reviewing orders, and other tasks. The time incurred completing administrative tasks was merely a smaller part of a much larger legal task, and it would be difficult to excise the small amount of time spent calculating deadlines from the time charged. Plaintiff has demonstrated the exercise of appropriate billing judgment.

Plaintiff requests a reasonable hourly rate of $495.00 for David Watkins and $325.00 for Jason Winford. The Court must select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The party seeking the fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99f.3d 757, 760 (5th Cir. 1996). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002). Plaintiff attaches the declaration of Robert E. Sheeder, an experienced labor and

7

employment lawyer representing employers, who practices in the Eastern District of Texas. Mr. Sheeder represents that the requested hourly rates are reasonable and consistent with the prevailing hourly rates charged by attorneys of similar experience and capabilities handling similar cases in this area.

Defendants argue that the affidavits submitted by Plaintiff are insufficient to support his contention that his attorneys' hourly rates were reasonable because they lack any foundation for this assertion. Defendants contend that Plaintiff provides very little evidence of the prevailing rate in the community. Defendants note that in *Ransom v. M. Patel Enterprises*, 859 F. Supp. 2d 856, 859-60 (W.D. Tex. 2012), the plaintiff provided evidence of the median hourly rate of a comparable firm practicing employment defense work, two years of Texas Lawyer surveys indicating the average billing rates of equity and non-equity partners in the Austin and San Antonio regions, and affidavits from several attorneys practicing in the Austin area.

The affidavit of Mr. Sheeder provided by Plaintiff meets the Fifth Circuit's evidentiary requirement. *Tollett*, 285 F.3d at 368-69 (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (party seeking fees submitted "affidavits from other attorneys in the community showing the prevailing market rates in the community")). Mr. Sheeder regularly practices in the Eastern District and in the Sherman Division specifically, and he is familiar with the prevailing rates for attorneys who handle employment-related litigation (Dkt. #137, Ex. 3, ¶¶ 4-6). Mr. Sheeder reviewed Plaintiff's counsels' qualifications, experience, and requested rates. *Id*. He also testified that the requested rates are reasonable, and consistent with the prevailing hourly rates charged by attorneys of similar experience handling similar cases in this area. *Id*. at ¶¶ 6-8. It is certainly true that Plaintiff could have provided more information regarding the prevailing market rate in this community for legal services. In *Ransom*, the district court noted the multiple

types of evidence submitted to establish the prevailing rate in the community. 859 F. Supp. 2d at 859-60. However, that court did not require that additional types of evidence be provided, such as rate surveys, multiple affidavits, and rates at comparable firms. While additional evidence might be helpful to the Court in determining a reasonable hourly rate, the Court can find no requirement that a fee applicant provide this evidence. In addition, Defendants provide no evidence of the prevailing hourly rate in the community, and the Court has only Plaintiff's affidavit to establish a reasonable hourly rate.

Mr. Watkins has over 40 years of legal experience and substantial expertise in labor and employment matters. Mr. Watkins is board-certified in labor and employment law, and his customary billing rate is $495.00. Mr. Winford has approximately 20 years of experience and expertise in labor and employment matters, and is also board-certified in labor and employment law. Mr. Winford's customary billing rate is $375 per hour, but in the exercise of billing judgment is requesting a lower rate of $325 per hour in this case. "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *Louisiana Power & Light*, 50 F.3d at 328. The requested hourly rates are within the range of hourly rates recently awarded by this Court in other cases. *See Moree v. City of Sherman*, No. 4:11-cv-11, No. 127 (E.D. Tex. July 31, 2012) (finding $350.00 per hour a reasonable hourly rate for a Title VII employment case), *vacated and held for naught by* No. 136 (E.D. Tex. Jan. 23, 2013); *Giesler v. Ruiz Food Products, Inc*., No. 4:08-cv-377, 2010 WL 786028 (E.D. Tex. Mar. 2, 2010) (finding $350.00 per hour a reasonable hourly rate for a Title VII employment case).

Further, these requested hourly rates are within the range of hourly rates upheld as reasonable in other employment cases. *See, e.g., Miller v. Raytheon Co.*, 716 F.3d 138, 149 (5th Cir. 2013) (finding $577.50, $542.50, and $280 in age discrimination case after considering Texas state bar surveys, attorneys' fees in similar cases, and the skills of the attorneys); *Bazile v. City of Houston*, No. H-08-2404, 2013 WL 5775596, at *3 (S.D. Tex. Oct. 25, 2013) (finding the hourly rate of $425 and $400 in race discrimination case reasonable); *Black v. SettlePou, P.C.*, No. 3:10-cv-1418-K, 2012 WL 3638681, at *4 (N.D. Tex. Aug. 24, 2012) (finding the hourly rates of $450 and $375 in an FLSA case reasonable), *rev'd on other grounds by* 732 F.3d 492 (5th Cir. 2013); *Flour Vorp. v. Citadel Equity Fund, Ltd.*, No. 3:08-cv-1556-B (JJB), 2011 WL 3820704, at *5 (N.D. Tex. Aug. 26, 2011) ("In other cases involving Texas lawyers, the hourly rates range from $220 for associates to $510 for senior partners."); *Champion v. ADT Sec. Servs., Inc.,* No. 2:08-cv-417 (TJW), 2010 WL 4736908, at *8-9 (E.D. Tex. Nov. 16, 2010) (finding that $350 for partner-level work is reasonable given that the hourly rates for partners in the Eastern District of Texas range from $250 per hour to $450 per hour "for certain premium work."). The Court finds that the requested hourly rates are reasonable and appropriate based on prevailing community standards for attorneys of similar experience in similar cases. Thus, the lodestar fee is $336,320.60 (143.33 hours by Mr. Watkins x $495.00 + 816.53 hours by Mr. Winford x $325.00 = $336,320.60).

After calculating the lodestar, the Court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case and the *Johnson* factors. *McClain v. Lufkin Indus.*, 519 F.3d 264, 284 (5th Cir. 2008). The lodestar is presumptively reasonable and should only be modified in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "[O]f the *Johnson* factors, the court should give special heed to

the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800 (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account, to do so would be impermissible double counting." *Id*. Many of the factors are subsumed within the initial calculation. *See Pennsylvania*, 478 U.S. at 565 (finding that the "novelty and complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount).

As to factor (1), the time and labor required, the fee is commensurate with the time and labor Plaintiff's attorneys expended in connection with this lawsuit. The Court has already calculated those fees that it determined were reasonable and not excessive or duplicative. As to factors (2) and (3), the novelty and difficulty of the questions and the skill required to perform the legal service properly, the Court finds that the issues were not particularly complex or novel. Plaintiff's attorneys were not precluded from representing other individuals (factor (4)). As to factors (5) and (6), the fees requested by Plaintiff's attorneys are detailed above, which are reasonable rates for this type of work in this community. The fee was contingent in this case, which indicates that Plaintiff's attorneys took a risk of non-payment of the time expended. As to factor (7), this case spanned approximately two years and did not involve any specific time limitations. Plaintiff did not prevail on his claim for overtime pay, punitive damages, compensatory damages, or front pay, but did prevail on his claim for retaliation and liquidated damages (factor (8)). The "degree of success obtained" is the "most critical factor" in determining the reasonableness of a fee award. *Migis,* 135 F.3d at 1047. Plaintiff was awarded

damages in the amount of $210,732.50. As to factor (9), all counsel in this case are experienced and competent attorneys. Plaintiff contends that this case was undesirable based on the fact that the amount of Plaintiff's alleged unpaid overtime was less than $1,000 (factor (10)). Further, Plaintiff had only worked for TSP for approximately six months before his discharge. The nature and length of the professional relationship with the client was two years (factor (11)). Finally, as to factor (12), a recovery of $336,320.60 is a reasonable amount of attorneys' fees and not excessive or out of line with awards in other cases. *See, e.g., Black*, 2013 WL 5612304, at *7-8 (lodestar of $232,400.81 in FLSA case reasonable); *Miller*, 716 F.3d at 149 ($488,437.08 in age discrimination case reasonable); *Nassar v. Univ. of Tex. Southwestern Med. Ctr.*, No. 3:08-CV-1337-B, 2010 WL 3000877, at *7 (N.D. Tex. July 27, 2010) (awarding $489,927.50 of attorneys' fees in Title VII retaliation case), *rev'd on other grounds by* 2013 WL 3943554 (5th Cir. Aug. 1, 2013) (after remand by the Supreme Court).

The Court sees no reason to adjust the lodestar in this case. The contingent fee paired with the undesirability of this case might warrant a small increase in the lodestar figure. However, the fact that Plaintiff did not prevail on his overtime claim or on his claims for punitive damages, compensatory damages, or front pay might warrant a decrease in the lodestar figure. However, Plaintiff prevailed completely on his claim for retaliation and back pay, which was awarded by the jury in the full amount requested, plus an equal amount of liquidated damages. Thus, considering all twelve of the *Johnson* factors, the Court concludes that $336,320.60 is a fair and reasonable attorneys' fee under the facts of this case, and finds that Plaintiff be awarded attorneys' fees in the amount of $336,320.60.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Attorneys' Fees (Dkt. #137) is **GRANTED**.

It is further **ORDERED** that Defendants, Technical Specialty Products, LLC, Keith Lear, and Donna Lear, shall pay to Plaintiff a sum of $336,320.60, which is comprised of reasonable and necessary attorneys' fees.

**IT IS SO ORDERED**.
 SIGNED this 31st day of July, 2014.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE